IN RE ESTATE OF RUBY LEE SMITH, DECEASED.
FARMERS CO-OPERATIVE MERCANTILE COMPANY (NON-STOCK) OF SCRIBNER, NEBRASKA, A CORPORATION, APPELLANT,
V. A. C. SIDNER, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF RUBY LEE SMITH, DECEASED, APPELLEE.
120 N. W. 2d 537

Filed March 22, 1963. No. 35376.

Spear, Lamme & Simmons, for appellant.

Sidner, Lee, Gunderson & Svoboda, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

On March 5, 1961, Ruby Lee Smith, a resident of Fremont, Dodge County, Nebraska, died as the result of a collision in Douglas County, Nebraska, between an automobile operated by her and a motor vehicle owned by Farmers Co-operative Mercantile Company of Scribner, Nebraska, a corporation, designated as plaintiff and appellant, and operated by an employee of the plaintiff. A. C. Sidner, designated herein as defendant and appellee, was duly appointed administrator with will annexed of the estate of Ruby Lee Smith. This appointment was made April 11, 1961.

On April 28, 1961, the time for filing claims was fixed by order of the county court. Notice was duly published and by the order and notice the final date for filing claims was fixed as August 14, 1961, and the date for hearing on claims was set for 10 a.m., August 15, 1961. No individual or formal notice was given to plaintiff as a creditor. The plaintiff filed no claim. An order was entered August 15, 1961, barring all claims which had not been presented.

On March 13, 1962, the plaintiff filed an application to have vacated the order barring claims and for permission to file its claim for $3,418.54 based upon the allegations that the collision which caused the death of the deceased was a result of her negligence and that as a further result of her negligence the vehicle of the plain-

tiff was damaged in consequence of which it was entitled to recover from the estate $3,418.54. On April 16, 1962, the application was denied.

An appeal to the district court from the denial of the application was presented there. The matter was presented to the district court by petition of the plaintiff and by motion of the defendant for judgment on the pleadings. This motion was sustained and judgment was accordingly rendered. The effect of this was to sustain the refusal of the county court to set aside its order barring claims and disallowing the filing of a claim by the plaintiff. The appellant by the appeal here seeks a reversal of this judgment. The assignments of error are: "The lower court erred in refusing to set aside the Decree and Order Barring Claims," and "The lower courts erred in refusing to allow plaintiff to file its claim."

As to the matter of filing claims against estates, by the terms of section 30-601, R. R. S. 1943, it was and is required that notice by publication shall be given to creditors.

By section 30-603, R. S. Supp., 1961, the court is empowered to fix the time within which creditors may present claims.

By section 30-604, R. S. Supp., 1961, the court is empowered to extend the time for presentation of claims.

Section 30-605, R. R. S. 1943, provides that where a creditor has failed to present his claim within the time allowed he may, within 3 months, apply for additional time and the court may allow such additional time not exceeding 3 months.

The record here discloses that the statutory duty of the court was performed and a date fixed for the filing of claims. The plaintiff however did not make such an application as would entitle it to an extension of time for filing its claim. Its application was not made within 3 months, but after almost 7 months.

In the light of this it may not be said that it is en-

titled to any relief under these provisions. As to this it has been said: "The only way a creditor can give the county court authority to make an order extending the time in which to file his claim is to make such application within 3 months after the expiration of the time previously allowed for filing claims and then only by showing good cause for doing so. § 30-605, R. R. S. 1943." Supp v. Allard, 162 Neb. 563, 76 N. W. 2d 459. See, also, Storm v. Cluck, 168 Neb. 13, 95 N. W. 2d 161.

The primary theory, however, on which the plaintiff bases its right to a reversal of the judgment is that its claim for damages is a direct legal interest in the estate of the deceased, and that within the meaning and proper application of other statutory provisions it was not given and did not receive required notice and hence its right to make claim has not been destroyed or impaired.

Prior to 1957 the only notice required to be given to claimants against decedents' estates was by posting or by publication in a legal newspaper of the county for 3 successive weeks. § 30-601, R. R. S. 1943.

By act of the Legislature in 1957 other requirements were added. This appears as Laws 1957, chapters 80 and 81, pages 325 and 326. One section was amended in 1959 in a manner not of consequence herein. Laws 1959, c. 97, p. 415. These sections, with the one amended, appear in the Revised Statutes as sections 25-520.01, 25-520.02, 25-520.03, and 25-520.04, R. S. Supp., 1961.

The provisions by declaration therein contained are not amendatory but are new and independent legislation. They are applicable in all cases wherein constructive service is permitted or required.

By the terms of section 25-520.01, R. S. Supp., 1961, it is provided that in any instance where a notice by publication is authorized by law, a party instituting or maintaining such an action or proceeding shall within 5 days after the first publication of notice mail a copy of the published notice to each and every party appearing to have a direct legal interest in the action or proceeding,

whose name and post-office address are known to him; that an affidavit of the mailing of notice shall be filed within 10 days after the mailing of notice; and that the affidavit shall be required to state that after diligent investigation and inquiry there was inability to ascertain and there was no knowledge of any other party appearing to have a direct legal interest in the action or proceeding.

By the petition of the plaintiff filed in the district court the series of events, with the dates thereof, which have already been set out here, were pleaded, and of them there is no pleading in denial. Also by the petition it is pointed out that there was no compliance with the requirement for notice pointed out herein as being contained in sections 25-520.01 to 25-520.04, R. S. Supp., 1961. Of this there is no denial.

The response to the petition is a motion for judgment on the pleadings made by the defendant, the grounds of which motion were in substance that the petition discloses on its face that the application to set aside the order barring claims was not made within 3 months after the order was entered, hence by the terms of section 30-605, R. R. S. 1943, no right existed to have it set aside; and that the failure of the defendant to mail a copy of the published notice and file the affidavit described in the petition was not a jurisdictional defect.

On the question of whether or not the court was without jurisdiction to bar the right of the plaintiff to assert its claim, it becomes necessary to ascertain the true meaning of "a direct legal interest in such action or proceeding," as it appears in section 25-520.01, R. S. Supp., 1961. If the unliquidated damage claim asserted by the plaintiff in its petition, as the plaintiff contends, was a direct legal interest in the estate of the deceased, or in the probate action, then of course the plaintiff's rights were abridged and it was deprived of the notice to which it was entitled under the statutes in force and referred to herein relating to notice. In other words,

if this claim amounted to a direct legal interest in the estate, the court was without jurisdiction to bar the claim of the plaintiff without the notice required by statute.

The gist of the defendant's contention in this area to sustain the judgment of the district court is that this claim for damages was not a direct legal interest in the estate or the action and therefore no right or rights to the notice and affidavit under the notice and affidavit provisions of section 25-520.01, R. S. Supp., 1961, existed in favor of plaintiff, and that this being true the plaintiff was in no position to claim any rights flowing from the failure of the defendant to comply with the provisions of the section relating to notice and affidavit. In other words, the contention of the defendant is that the provisions of section 30-605, R. R. S. 1943, were applicable and that the failure, which is disclosed by the pleadings, to comply therewith deprived the plaintiff of the right to have the order barring claims vacated and set aside.

Neither the Legislature nor this court has declared the meaning of the term "direct legal interest" appearing in the statute. No decision of any other court has attached to the full terminology a declaration of meaning.

It is reasonably inferable from the language employed by the Legislature that the reference was to property of the estate and property in which the law recognized that the claimant had an existing interest.

The claim of plaintiff was an unliquidated and unestablished claim for damages. The question then arises as to whether or not such a claim may be regarded as property or an interest in property. In Miller v. Miller, 44 Pa. St. 170, a case in point of fact not similar to the case here, the court announced the principle that unliquidated damages are not property. The same principle was announced in Hopkins v. Fogler, 60 Me. 266. The rule however, as it is set out in 73 C. J. S., Property, § 9, p. 175, is that damages are personal property.

It follows of course that if they are not property they

cannot be an interest in property, or an interest in an estate. From an examination of the pronouncements on the subject it appears that it ought to be said that a claim of unliquidated damages should be regarded as a claim of ownership of a property right.

. It does not follow however that the claim could be regarded as a direct legal interest in or to an estate against which claim is made.

Assuming that the claim asserted in the petition was property, did it amount to a claim of a direct legal interest in the estate of the deceased? It is difficult to see how, without establishment of liability and amount of damage, the plaintiff could be said to have a direct legal interest in the estate of the deceased. There could be no direct legal interest in the estate in the absence of fixation of damage.

In refutation of the contention that the claim which is the basis of the application amounted to a direct legal interest in the probate action or proceeding, it must be said that the petition contains no pleading of fact the effect of which was to say that this was apparent to any party required to give and mail notice or to make affidavit. In substance all that the petition does in this connection, directly or by an exhibit which is made a part thereof, is to recite the details of the claimed accident, the probate proceeding, that the truck involved in the collision with the automobile of the deceased belonged to the plaintiff, and that from these things it was apparent to the defendant that the plaintiff had a direct legal interest in the estate proceedings.

There is no fact pleaded the effect of which is to say that the plaintiff had or intended to claim any right of recovery on account of the collision prior to the date of the order barring claims or that it sought relief prior to the expiration of 3 months thereafter.

In view of the conclusion that involved was not a direct legal interest within the meaning of the statute, sections 25-520.01 to 25-520.04, R. S. Supp., 1961, have

no application to the situation involved here. It follows therefore that no rights can flow therefrom to the plaintiff.

In the light of what was said with reference to the application of these statutory provisions in Lindgren v. School Dist. of Bridgeport, 170 Neb. 279, 102 N. W. 2d 599, which case itself has no similarity to this one, the conclusion is reached that, since these provisions have no controlling force or effect in this instance and the proceedings were held in conformity with statutes otherwise, the plaintiff may not be heard to complain of a failure of defendant to give notice.

The judgment of the district court is affirmed.

AFFIRMED.