Raleigh S. WOOD and Catherine Wood,
Plaintiffs–Appellants,

v.

F. M. ANDREWS, Jr., Administrator of
the Estate of Robert W. Kolarich,
Defendant–Appellee.

No. 79CA0801.

Colorado Court of Appeals,
Div. I.

Sept. 4, 1980.

Burton L. Cawthorne, Denver, for plaintiffs–appellants.

Pryor, Carney & Johnson, P. C., Thomas L. Roberts, Englewood, for defendant–appellee.

KIRSHBAUM, Judge.

Plaintiffs, Raleigh S. Wood and Catherine Wood, appeal a summary judgment dismissing their claims against defendant, F. M. Andrews, Jr., administrator of the estate of Robert W. Kolarich. We affirm.

The material facts are not in dispute. On August 27, 1972, plaintiffs were injured when their car was struck by a car driven by Kolarich in Adams County, Colorado. Kolarich, a Wyoming resident, died on October 29, 1974. Although plaintiffs' attorney communicated with decedent's insurer concerning the accident until June 5, 1975, plaintiffs did not learn of Kolarich's death until mid–June of 1975, after a Denver law firm commenced representing decedent pursuant to the insurance policy's subrogation clause. Plaintiffs' attorney then contacted Andrews by telephone, and was informed by Andrews that the estate was still open but would soon be closed.

Plaintiffs' attorney thereafter contacted a Wyoming attorney and forwarded to him for filing both a claim executed by plaintiff Raleigh Wood and an affidavit executed by plaintiffs' attorney respecting the late discovery of Kolarich's death. Mr. Wood's claim was filed with the appropriate Wyoming court on November 21, 1975. How-

ever, although required in these circumstances by Wyoming law, neither an affidavit nor a motion to permit late filing was filed with the court.

Pursuant to his authority as administrator, Andrews rejected Mr. Wood's claim, and on January 6, 1976, wrote a letter to plaintiffs' attorney notifying him of the rejection. Although Mr. Wood received this notice, he did not appeal the rejection of his claim.

On November 22, 1976, the Wyoming court issued a final decree and order of distribution in the estate proceeding and discharged Andrews as administrator. Plaintiffs have never challenged that order. The insurance policy was not listed as an asset of the estate.

On September 28, 1976, plaintiffs filed their complaint here alleging serious injuries and seeking substantial damages. On November 29, 1976, Andrews was served with process as administrator of the Kolarich estate.

On December 29, 1976, Andrews filed a motion to quash or, alternatively, to dismiss. No further action occurred in this case until August 15, 1978, when Andrews filed a motion to dismiss for failure to prosecute. That motion was denied, and a hearing respecting Andrews' 1976 motion was set. The trial court treated the 1976 motion as one for summary judgment pursuant to C.R.C.P. 56 and, on the basis of testimony offered by plaintiffs and affidavits filed in support of Andrews' motion, granted it.

Plaintiffs contend that Wyoming law does not bar this Colorado action. We disagree.

The provisions of the Wyoming probate code applicable when this action was commenced [1] required claims to be filed within the time stated in the notice to creditors, as follows:

"All claims whether the same be due, not due, or contingent, must be filed or ex-

---

1. As a result of the amendment and renumbering of most sections of the Wyoming Probate Code, effective April 1, 1980, the provisions of § 2–6–203 and § 2–6–207 of the December, 1977 edition of the Wyoming Statutes are now contained, as amended, in § 2–7–703, Wyom. Sess.Laws 1980, p. 345, and § 2–7–718, Wyom. Sess.Laws 1980, p. 348, respectively.

hibited within the time limited in the notice and any claim not so filed or exhibited is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court, or a judge thereof, that the claimant had no notice as provided in this article, by reason of being out of the state, it may be filed and exhibited at any time before a decree of distribution is entered." Wyo.Stat. § 2–6–203 (Dec. 1977).

The Wyoming statutes also contained the following limitations provision respecting rejected claims:

"When a claim is rejected, either by the executor or administrator, and notice given as required by section 6891, Wyoming Compiled Statutes, 1920 [§ 2–6–205], the holder must bring suit in the proper court against the executor or administrator within three (3) months after the date of mailing such notice, if it be then due, or within two (2) months after it becomes due, otherwise the claim shall be forever barred." Wyo.Stat. § 2–6–207 (Dec.1977).

■ The timely filing of a claim is a jurisdictional prerequisite to recovery against any estate in Wyoming. *Lo Sasso v. Braun*, 386 P.2d 630 (Wyo.1963). Mrs. Wood never filed a claim against the Kolarich estate; hence, her claim is barred.

■ Mr. Wood did file a claim; however, it was rejected by the administrator. Suit on a rejected claim which is due was required by the applicable probate code to be commenced within three months of the date of the rejection, or be barred forever. *Noyes v. First National Bank of Rawlins*, 589 P.2d 384 (Wyo.1979). Mr. Wood's assertion that his claim was not due on January 6, 1976, is without merit. The events giving rise to the claim already had occurred; thus, as Andrews contends, the tort claim is not like a claim based upon a promissory note due at some future date. That the amount of the claim was uncertain does not negate the fact that the claim itself was due for purposes of the applicable provisions of the Wyoming probate code.

■ Also without merit is plaintiffs' contention that Andrews cannot be permitted to assert the defense of lack of timely filing because of the conduct of the insurance company which issued the policy. At the time plaintiffs learned of Kolarich's death they had ample time within which to comply with Wyoming statutory requirements for perfecting claims against the estate.

■ Plaintiffs finally contend that their claim is not barred because it is in essence a claim against the insurance policy, which was not listed as an asset of the estate. We again disagree.

In *Lo Sasso v. Braun, supra*, the Wyoming Supreme Court held that a claimant who had failed to present timely a wrongful death claim could not bring suit against the insurer of the decedent on the theory that the proceeds of the insurance policy were not estate assets. The court concluded that the claim was against the decedent, not the insurance company. Plaintiffs' complaint here was filed against Andrews in his alleged capacity as administrator of Kolarich's estate. Plaintiffs did not seek, in accordance with § 15–12–108, C.R.S. 1973, appointment of a special representative in Colorado to pursue their claims. The existence of an insurance policy does not alter the fact that this action was brought against an estate which is immune from liability under the law which defines it.

In view of this conclusion, we do not reach plaintiffs' contentions respecting personal jurisdiction over Andrews. We also conclude, contrary to plaintiffs' assertions, that the trial court's order contains sufficient findings of fact to permit full review thereof.

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.