TERRY W. TANK ET AL., APPELLANTS, V. STEVEN M. PETERSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF DONALD E. PETERSON, DECEASED, ET AL., APPELLEES.

332 N.W.2d 669

Filed April 15, 1983. Nos. 82-010, 82-022.

Welsh, Sibbernsen & Roach, for appellants.

William G. Line and John F. Kerrigan of Kerrigan, Line & Martin, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

WHITE, J.

Plaintiffs, Terry W. Tank, Tamara Tank-Rabe, and Gerald Eskilsen, guardian of Traci Tank, a minor, appeal a summary judgment dismissing their claims against defendants, Steven M. Peterson, personal representative of the estate of Donald E. Peterson, deceased, and Douglas F. Steenblock, a partner, doing business as Don Peterson & Assoc. Steel Bldg. Co. We reverse and remand.

The material facts are essentially undisputed. On November 25, 1979, Willis H. Tank and Marva Lea Tank were passengers along with three others in a 1968 Piper aircraft piloted by Donald E. Peterson. The plane was owned by Don Peterson & Assoc. Steel Bldg. Co., a partnership consisting of Donald E. Peterson and Douglas F. Steenblock. The aircraft was on its way from Columbus, Nebraska, to Fremont, Nebraska, when it crashed shortly after takeoff, killing all aboard instantly.

On February 6, 1980, the personal representative of the Tank estates filed a statement of claim in the county court for Dodge County, Nebraska, against the estate of Donald E. Peterson, deceased. The claims were based upon the negligence of Donald E. Peterson as the pilot of the aircraft, and sought money damages of $1 million from either the estate of Donald E. Peterson and/or the owners of the aircraft.

On February 8, 1980, Steven M. Peterson, personal representative of the estate of Donald E. Peterson, filed a notice of disallowance of claim.

On April 8, 1980, the personal representative of the Tank estates filed a petition for hearing and allowance of claim in the county court and the defendant

Peterson filed an answer shortly thereafter. The plaintiffs then filed, at a later date, a lawsuit in the District Court for Dodge County, Nebraska, alleging the same causes of action as the petition filed in county court.

On May 26, 1981, the defendants filed demurrers and motions to make more definite and certain in each respective wrongful death action. It appears from the record that the plaintiffs were advised by defense counsel that the liability insurance carrier was providing insurance coverage in full force and effect in contrast to its earlier position of denying coverage under the policy. Plaintiffs then dismissed the claims in the county court in order to proceed in the District Court.

On August 17, 1981, the defendants withdrew their motion to make more definite and certain and the District Court overruled their demurrers. The defendants subsequently filed a motion for summary judgment on the ground that the plaintiffs' consolidated wrongful death actions in the District Court were barred by the nonclaim statute, Neb. Rev. Stat. § 30-2486 (Reissue 1979). The trial court granted the defendants' motion and this appeal followed.

The defendants contend that the plaintiffs' cause of action has become barred by the voluntary dismissal of their county court actions, which were timely filed within the 60-day limitation of § 30-2486, and therefore they may not thereafter maintain a civil action against the insurer of the decedent on the theory that the proceeds of the insurance policy are not assets of the estate.

The provisions of the Nebraska Probate Code at the time these actions were commenced provided two methods of presenting a claim against a decedent's estate: Under § 30-2486(1), a claim could be presented by filing a written claim statement with the court, or under § 30-2486(2), a claim could be presented by commencement of a proceeding in any

court having jurisdiction of the personal representative. The plaintiffs presented their claims in the county court under § 30-2486(1) by filing a written claim which is, in turn, limited by § 30-2486(3), which states as follows: "If a claim is presented under subsection (1), no proceeding thereon may be commenced more than sixty days after the personal representative has mailed a notice of disallowance . . . ."

The plaintiffs in this case voluntarily dismissed the county court actions after the 60-day time limitation of § 30-2486(3) had passed and were therefore barred from any claims they had against the assets of the estate. However, the plaintiffs are not barred from maintaining an action against the decedent's insurer to the extent there is insurance coverage available. Neb. Rev. Stat. § 30-2485(c) (Reissue 1979) clearly sets forth the law in the State of Nebraska as follows: "(c) Nothing in this section [article 24] affects or prevents: (1) any proceeding to enforce any mortgage, pledge, or other lien upon property of the estate; or (2) *to the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance.*" (Emphasis supplied.)

The comments to § 30-2485 elaborate even further, stating: "Tort claims normally will involve casualty insurance of the decedent or of the personal representative, and so will fall within the exception of subparagraph (c)."

The Nebraska probate provisions and comment cited herein are the same as those of the Uniform Probate Code. In construing the Nebraska provisions we have also looked to the decisions of sister states which involved identical issues and code provisions as those in the instant case.

In *Matter of Estate of Daigle,* 634 P.2d 71 (Colo. 1981), Mr. Daigle was the pilot of an airplane in which a Mr. Snyder was riding as a passenger. The

plane crashed, resulting in the deaths of both men. The wife of Mr. Snyder, on behalf of herself and her children, filed claims against the Daigle estate for wrongful death. The administrator disallowed the claims because they had been barred by the non-claim statute.

While the insurance company in *Daigle* conceded the applicability of the insurance exception to the wrongful death claim, the insurer still maintained that the insurance exception violated equal protection of the law. In finding that there was not an equal protection violation, the *Daigle* court stated at 78: "A liability insurance contract, although an asset of an estate, creates a contractual right which vests only when a liability claim against the insured ripens into judgment. . . . Tort claims filed against an estate under the liability insurance exception 'do not affect the interests of the beneficiaries under the estate and thus present no obstacle to an orderly and exact administration of the estate.' . . . Recovery in such instances is limited to the liability insurance proceeds. Neither the claims of general creditors nor the interest of heirs and devisees will be adversely affected by the liability insurance exception."

Similarly, in *Matter of Estate of Chase,* 125 Ariz. 270, 609 P.2d 85 (1980), the plaintiff White and the deceased Chase were involved in an automobile accident in which Chase was the driver and White suffered personal injuries. The plaintiff brought suit after the nonclaim statute had run and the personal representative had been discharged. The Arizona Court of Appeals held that neither the probate claim statute nor the final closing of the estate and discharge of the executrix constituted a bar to the claim insofar as the deceased was protected by liability insurance. The plaintiff was therefore entitled to have the estate reopened for the limited purpose of service of process in the civil action.

The defendants in the case at bar rely heavily on

*Wolder v. Rahm,* 249 N.W.2d 630 (Iowa 1977), and *Wood v. Andrews,* 616 P.2d 1005 (Colo. App. 1980) (decision interpreting Wyoming law). These cases are easily distinguishable because they did not involve a statutory liability insurance exception to the probate nonclaim statute. In fact, both the *Wolder* and *Wood* cases exemplify the harsh effect of the bar of the nonclaim statute in the absence of a liability insurance exception.

While the plaintiffs did voluntarily dismiss the county court action after the nonclaim statute, § 30-2486, had run and were thus barred from pursuing a claim against the estate, they remain free to proceed against the decedent's insurer to the extent of insurance coverage available.

REVERSED AND REMANDED.