DEAN E. MACH, APPELLANT, v. MARJORIE M. SCHMER,
PERSONAL REPRESENTATIVE OF THE ESTATE OF FLOYD S.
SCHMER, DECEASED, ET AL., APPELLEES.
CAROLYN MACH, APPELLANT, v. MARJORIE M. SCHMER,
PERSONAL REPRESENTATIVE OF THE ESTATE OF FLOYD S.
SCHMER, DECEASED, ET AL., APPELLEES.

550 N.W.2d 385

Filed July 2, 1996.   Nos. A–95–319, A–95–320.

Brian C. Bennett, of Bennett Law Office, P.C., for appellants.

J. Arthur Curtiss and Allan E. Wallace, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

MILLER–LERMAN, Chief Judge, and IRWIN and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Dean E. Mach and Carolyn Mach appeal from a district court ruling granting summary judgment to appellee Marjorie M. Schmer, in her capacity as personal representative of the estate of Floyd S. Schmer, deceased, and sustaining the demurrer filed by appellee Allstate Insurance Company. Because we find no error in the granting of summary judgment, we affirm the district court's order in that regard. Because we find the sustaining of the demurrer did not constitute a final, appealable order, we dismiss the appeal in that regard.

## II. BACKGROUND

As a preliminary matter, we note that Dean E. Mach and his wife, Carolyn Mach, filed separate petitions in the district court. The relevant questions and rulings, however, were identical in both cases. The district court's rulings in each case were appealed, and the cases have been consolidated for appeal. For clarification, we will treat both cases as one, and refer to the appellants collectively as "Mach."

This case originates out of an automobile accident involving Dean Mach and Floyd S. Schmer, deceased. On September 12,

1990, Mach's vehicle was struck from the rear by Floyd Schmer's vehicle. Mach alleges that Floyd Schmer was negligent in several particulars and that the negligence was the proximate cause of various injuries suffered by Mach.

On April 17, 1992, Floyd Schmer died, apparently of unrelated causes. Floyd Schmer's wife, Marjorie M. Schmer, was appointed personal representative of the estate on May 19. The first publication of notice to creditors of the estate was on May 21. Mach was not mailed individual notice of the opening of the estate. On September 21, 1993, the county court for Clay County, Nebraska, entered an order closing the estate and discharging Marjorie from her duties as personal representative. The estate was not thereafter reopened, and Marjorie was not thereafter reappointed as personal representative.

On August 11, 1994, Mach filed a petition in the district court for Hall County, Nebraska. Mach alleged that Floyd Schmer had acted negligently and had proximately caused the September 1990 automobile accident, and Mach sought recovery for personal injuries incurred as a result of the accident. Mach further alleged that Floyd Schmer had died, that Marjorie had been appointed personal representative, that Allstate Insurance Company had provided liability insurance for Floyd Schmer at the time of the accident, and that the estate assets had been distributed to three individuals, namely, Marjorie, Larry A. Schmer, and Stanley L. Schmer. Mach named as defendants "Marjorie M. Schmer, Personal Representative for the Estate of Floyd S. Schmer, Deceased," Allstate, and each of the distributees in their individual capacities.

On September 19, 1994, Marjorie filed a special appearance, objecting to the petition insofar as it named her as a defendant in her capacity as the personal representative of the estate. In her special appearance, Marjorie alleged that the district court lacked jurisdiction over her because there had been no valid service of summons upon her and because she was no longer the personal representative of the estate.

On September 19, 1994, Marjorie also filed a motion for summary judgment insofar as she was named as a defendant in her capacity as the personal representative of the estate. In

support of her motion for summary judgment, Marjorie submitted the affidavit of David Maser, the attorney of record for the now–closed estate. The affidavit indicated that the county court had entered an order closing the estate and discharging Marjorie from her duties as personal representative, that the estate had not been reopened, and that Marjorie had not been reappointed as personal representative. Marjorie asserted that she was entitled to judgment as a matter of law insofar as she was named as a defendant in her capacity as the personal representative of the estate because she no longer served in that capacity, and therefore, "there is no such entity."

Allstate filed a demurrer to the petition, on the basis that it failed to state a cause of action against Allstate. Additionally, Marjorie, Larry Schmer, and Stanley Schmer, in their capacities as individual defendants, each filed demurrers to the petition, on the basis that it failed to state a cause of action against each of them.

On October 13, 1994, the district court conducted a hearing on the various filings. On February 23, 1995, the court ruled on the pending motions and demurrers as follows: The court overruled Marjorie's special appearance; the court granted Marjorie's motion for summary judgment; the court sustained Allstate's demurrer; and the court overruled the demurrers of Marjorie, Larry Schmer, and Stanley Schmer in their individual capacities.

Mach filed this appeal, challenging the district court's rulings on Marjorie's motion for summary judgment and Allstate's demurrer.

## III. ASSIGNMENTS OF ERROR

Mach assigns five errors on this appeal, which we have consolidated for discussion to two. First, Mach asserts that the district court erred in granting Marjorie's motion for summary judgment. Second, Mach asserts that the district court erred in sustaining Allstate's demurrer.

## IV. STANDARD OF REVIEW

In reviewing a district court order granting summary judgment, an appellate court must view the evidence in the light most favorable to the party against whom summary judgment

has been entered, and the appellate court must give such party the benefit of every reasonable inference deducible from the evidence. *Curtis O. Griess & Sons v. Farm Bureau Ins. Co.*, 247 Neb. 526, 528 N.W.2d 329 (1995). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences to be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

In the absence of a final, appealable order, an appellate court is without jurisdiction to entertain an appeal, and the appeal must be dismissed for lack of jurisdiction. *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 513 N.W.2d 534 (1994).

## V. ANALYSIS

Mach sought recovery against the former personal representative of Floyd Schmer's estate, against Floyd Schmer's liability insurer, and against the three distributees of Floyd Schmer's estate. The district court's rulings concerning the three individual distributees are not involved in this appeal. This appeal is concerned only with the district court's ruling with respect to the former personal representative's motion for summary judgment and the liability insurer's demurrer.

### 1. Summary Judgment in Favor of Personal Representative

#### (a) Jurisdiction

■ Summary judgment was granted in favor of Marjorie insofar as she was named as a defendant in her capacity as personal representative of Floyd Schmer's estate. We note that because there were several other named defendants, however, the grant of summary judgment did not dispose of the case as to *all* parties. Under these circumstances, the granting of summary judgment and dismissal of the case as to *one* defendant does constitute a final, appealable order. The Nebraska Supreme Court has held that when there are multiple defendants named in an action and the action is dismissed as to one defendant, but not all defendants, the dismissal is a final, appealable order. *Green v. Village of Terrytown*, 188 Neb. 840, 199 N.W.2d 610 (1972). As a result, we do have jurisdiction over this question on appeal.

### (b) Summary Judgment Versus Demurrer

On appeal, Mach asserts that Marjorie's challenge to the petition should have been through a demurrer, not through a motion for summary judgment. Mach contends that Marjorie was actually asserting that the petition failed to state a cause of action against her insofar as it named her as a defendant in her capacity as personal representative of Floyd Schmer's estate.

Mach failed to assign this as error, although it is argued in Mach's brief. In the interest of providing a thorough review, we will consider the issue. However, we note that such oversight by counsel in the future may result in this court's not addressing the alleged error because it was not assigned as an error. To be considered by an appellate court, an allegedly prejudicial error must be both assigned and discussed in the brief of the asserting party. *Label Concepts v. Westendorf Plastics*, 247 Neb. 560, 528 N.W.2d 335 (1995); *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994); Neb. Ct. R. of Prac. 9D(1)d (rev. 1996).

■ Neb. Rev. Stat. § 25-806 (Reissue 1995) provides that a defendant may demur to the petition when it appears on the face of the petition that the petition does not state facts sufficient to constitute a cause of action against the defendant. The Nebraska Supreme Court has held that a demurrer goes only to those defects which appear on the face of the petition. See *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992).

■ Neb. Rev. Stat. § 25-1331 (Reissue 1995) provides that a defendant may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part of a claim asserted against him. The Nebraska Supreme Court has specifically held that a motion for summary judgment is not the proper vehicle for challenging the sufficiency of the petition to state a cause of action against the defendant. *Ruwe v. Farmers Mut. United Ins. Co.*, 238 Neb. 67, 469 N.W.2d 129 (1991).

In the present case, Mach's petition asserted that Marjorie was the personal representative of the estate of Floyd Schmer, having been appointed as personal representative on May 19, 1992, and named Marjorie as a defendant in her capacity as personal representative. Marjorie's attack on the petition was not that it failed to state a cause of action against her, which

would have been a proper subject of a demurrer, but, rather, that she was no longer acting in her former capacity as personal representative because she had been discharged from that capacity by order of the county court.

In order to prove that the estate was closed and that she had been discharged and was no longer acting in the capacity of "Marjorie M. Schmer, Personal Representative for the Estate of Floyd S. Schmer, Deceased," Marjorie was required to bring forth evidence beyond what appeared on the face of the petition. In support of her motion, Marjorie was required to present an affidavit and a copy of the county court order of final discharge. Because Marjorie's challenge was not to any defect readily apparent from the face of the petition, but, rather, was a challenge requiring her to move with supporting affidavits, her challenge was properly contained in a motion for summary judgment.

### (c) Statutory Provisions

In resolving the question whether the district court was correct in concluding that Marjorie was entitled to summary judgment insofar as she was named as a defendant in her former capacity as personal representative, several statutory provisions are relevant.

### (i) Presentation of Claims

The Nebraska Probate Code at the time this action was commenced provided two methods of presenting a claim against a decedent's estate: Under Neb. Rev. Stat. § 30-2486(1) (Reissue 1995), a claim could be presented by filing a written statement of claim with the clerk of the court, or under § 30-2486(2), a claim could be presented by commencing a proceeding against the personal representative in any court having jurisdiction over the claim and over the personal representative. Mach attempted to present the claim in the present case under § 30-2486(2), by commencing a proceeding against the *former* personal representative in the district court.

Neb. Rev. Stat. § 30-2485 (Reissue 1995) provides the general time limitations within which a claimant must present his claim. If the personal representative complies with the notice provisions of Neb. Rev. Stat. §§ 25-520.01 and 30-2483

(Reissue 1995), a claim generally must be presented within 2 months after the date of the first publication of notice to creditors. § 30–2485(a)(1). According to §§ 25–520.01 and 30–2483, the personal representative need only provide potential creditors with notice by publication, except that the personal representative must mail a copy of the published notice to any party appearing to have a direct legal interest in the estate proceedings. If the personal representative fails to provide notice in compliance with §§ 25–520.01 and 30–2483, then a claimant may present his claim within 3 years after the decedent's death. § 30–2485(a)(2).

■ The probate code also provides limited exceptions to the general time requirements for presentation of claims. Our review of the statute reveals that the only exception which is potentially applicable to the facts of the present case is contained in § 30–2485(c). The time requirements for presentation of claims, as contained in § 30–2485, do not affect or prevent any proceeding brought to establish liability of the decedent or the personal representative for which he or she is protected by liability insurance. § 30–2485(c)(2).

### (ii) Other Miscellaneous Sections

■ Neb. Rev. Stat. § 30–24,119 (Reissue 1995) imposes limitations on a claimant's ability to proceed against a personal representative. A claimant may proceed against a personal representative for breach of fiduciary duty within 6 months after the filing of the closing statement, unless the claim has otherwise been barred. § 30–24,119.

A personal representative may petition the court for an order of complete settlement of the estate. Neb. Rev. Stat. § 30–24,115 (Reissue 1995). The court may then enter an order determining the persons entitled to distribution of the estate and discharging the personal representative "from further claim or demand of any interested person." *Id.*

A personal representative's appointment may also be terminated pursuant to the provisions of Neb. Rev. Stat. § 30–2451 (Reissue 1995). Termination of a personal representative's appointment pursuant to § 30–2451 "terminates his authority to represent the estate in any pending or future

proceeding." The comment to § 30–2451 (Reissue 1989) indicates that "termination" and "discharge" are different concepts, but that an order entered pursuant to § 30–24,115 "both terminates the appointment of, and discharges, a personal representative."

### (d) Resolution

#### (i) Authority to Proceed Against Discharged Personal Representative

■ Mach attempted to present a claim against the estate of Floyd Schmer by commencing an action against the *former* personal representative of the estate. Although § 30–2486(2) provides that a claimant may present a claim against the estate by commencing an action against the personal representative, we are unable to find any authority, and Mach has failed to provide us with any, indicating that a claimant may present a claim against the estate by commencing an action against a *former* personal representative who has been discharged and whose appointment has been terminated. See § 30–2486(2).

The only section of the probate code which appears, in limited circumstances, to allow a claim to be presented through instituting proceedings against a personal representative after the personal representative has been discharged is § 30–24,119, which allows a claimant to present a claim against the personal representative *for breach of fiduciary duty*. Mach's claim against the former personal representative in the present case was entirely based upon an automobile accident between Mach and the decedent, not on any claim that the personal representative breached her fiduciary duty in any way. Accordingly, § 30–24,119 is not applicable to the present case.

In the present case, Marjorie submitted the affidavit of Maser, the attorney of record for the estate, in support of her motion for summary judgment. Maser's affidavit included a copy of a county court "Decree of Final Discharge" in which the court closed the estate and discharged Marjorie as personal representative in accordance with § 30–24,115. Marjorie was discharged "from further claim or demand of any interested person" by order of the county court, and her "authority to represent the estate in any pending or future proceeding" was

terminated when the county court entered a decree of final settlement pursuant to § 30–24,115. See §§ 30–2451 (Reissue 1995) and 30–24,115; comment to § 30–2451 (Reissue 1989).

The fact that the estate was closed and the fact that Marjorie was discharged from her capacity as personal representative are not genuinely in dispute. Accordingly, Marjorie was entitled to judgment as a matter of law in that the probate code does not authorize Mach to bring the present claim against a *former* personal representative while the estate remains closed. This assigned error is without merit.

### (ii) Time Bar

In the interest of providing a full discussion, we note that even if Mach were permitted to commence proceedings against Marjorie after she was discharged, Mach's claim would still be subject to the time requirements of § 30–2485. The first notice to creditors was published on May 21, 1992. Pursuant to § 30–2485(a)(1), unless Marjorie failed to provide proper notice, Mach's claim had to be presented within 2 months of the first publication of notice, or by July 21, 1992.

Neither party disputes that Mach was not mailed notice of the opening of the estate. According to § 25–520.01, Mach was entitled to receive notice by mail if Mach appeared to have a "direct legal interest" in the estate proceedings. Mach argues that the decedent's potential liability for the automobile accident gave rise to a direct legal interest in the estate proceedings. Marjorie asserts that Mach did not have a direct legal interest in the estate proceedings and, therefore, notice by publication was sufficient. The Nebraska Supreme Court has noted that potential liability of a decedent, without establishment of liability and amount of damage, does not constitute a direct legal interest in the estate of the deceased. *Farmers Co-op. Mercantile Co. v. Sidner*, 175 Neb. 94, 120 N.W.2d 537 (1963). See, also, *Tank v. Peterson*, 214 Neb. 34, 332 N.W.2d 669 (1983) (noting that tort claims filed against estate in pursuit of liability insurance proceeds do not affect interests of beneficiaries of estate).

Because Mach did not possess a "direct legal interest" in the estate, Marjorie did comply with the notice provisions of

§§ 25–520.01 and 30–2483 by publishing notice, and Mach was required to present the claim within 2 months of the date of the first publication of notice. Mach's petition was not filed until August 11, 1994, more than 2 *years* after the first publication of notice. Accordingly, Mach's claim was barred unless an exception to the general time requirement is applicable.

As noted above, the only potentially applicable exception to the time requirement of § 30–2485 in the present case is the exception stated in § 30–2485(c)(2), which provides that the general time requirement does not apply to a proceeding to establish liability of the decedent or the personal representative for which he or she is protected by liability insurance. Although it is apparent that Mach was attempting, in part, to reach the liability insurance proceeds in the present case, Mach did not present the claim until almost 1 year after the estate was closed and the personal representative was discharged.

In *Tank v. Peterson, supra,* the Nebraska Supreme Court noted that neither the probate claims statute, § 30–2485, nor the closing of the estate can bar a claim insofar as the deceased was protected by liability insurance. *Tank* does not, however, provide that a claimant may institute proceedings against a discharged personal representative while the estate is closed. According to the Supreme Court's holding in *Tank*, a claimant who possesses a claim for the proceeds of liability insurance under § 30–2485(c)(2) is entitled to have the estate reopened for the limited purpose of service of process in the civil action to establish liability and liability insurance coverage. Mach did not proceed to have the estate reopened, however, and instead attempted to proceed while the estate remained closed.

Although Mach's claim was not barred by § 30–2485 to the extent Mach had a right to proceed to have the estate reopened, so long as the estate remains closed, Marjorie is entitled to summary judgment because she has been discharged and her appointment has been terminated, as discussed above. Any claim Mach may have possessed other than the claim provided for in § 30–2485(c)(2) was barred by the claims statute, and Marjorie was entitled to summary judgment because Mach failed to present the claim within the time limitations provided in the claims statute.

## 2. DEMURRER IN FAVOR OF ALLSTATE INSURANCE COMPANY

Allstate filed a demurrer, asserting that Mach's petition failed to state facts sufficient to constitute a cause of action against Allstate. On February 23, 1995, the district court sustained the demurrer. The record before us does not, however, include any order of dismissal.

It is a well–established principle of law in Nebraska that the sustaining of a demurrer, not followed by entry of a judgment dismissing the case and terminating the litigation, does not constitute a final, appealable order. *Barks v. Cosgriff Co.*, 247 Neb. 660, 529 N.W.2d 749 (1995). Because there was no order of dismissal entered following the district court's sustaining of Allstate's demurrer, there is no final, appealable order concerning Allstate. In the absence of a final, appealable order, an appellate court is without jurisdiction to entertain an appeal, and the appeal must be dismissed for lack of jurisdiction. *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 513 N.W.2d 534 (1994). As a result, we dismiss the appeal with regard to Allstate.

## VI. CONCLUSION

Because we find that summary judgment was properly entered in favor of Marjorie, we affirm the district court's order in that regard. Because the district court order sustaining Allstate's demurrer was not a final, appealable order, we dismiss the appeal with regard to Allstate.

AFFIRMED IN PART, AND IN PART DISMISSED.