SANDRA FAYE ROBERTSON, APPELLANT, V.
MOTOR CLUB INSURANCE ASSOCIATION, APPELLEE.
602 N.W. 2d 27

Filed October 19, 1999.   No. A-98-1174.

William G. Line for appellant.

C.J. Gatz and Todd B. Vetter, of Gatz, Fitzgerald & Vetter, for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Sandra Faye Robertson appeals the order of the district court for Douglas County in which the court sustained the motion for reconsideration of the defendant, Motor Club Insurance Association (Motor Club); sustained Motor Club's motion for summary judgment; and dismissed Robertson's petition with prejudice. The petition in this case was originally filed by Kristie R. Keifer against Motor Club seeking to recover damages sustained by Keifer due to the alleged negligence of Motor Club's insured. The parties agree that at some point, Keifer's next of kin, Robertson, was substituted as the plaintiff in this case. For the reasons stated herein, we affirm.

## II. FACTUAL BACKGROUND

On May 27, 1997, Keifer filed a petition against Motor Club. In her petition, she alleged that she had suffered injuries in an automobile accident due to the negligence of Alfred L. Sivers and that Sivers was insured by a Motor Club automobile insurance policy providing liability coverage for injuries such as

those sustained by Keifer. The petition further alleged that Sivers died as a result of the accident. Subsequently, both parties moved for summary judgment. Following a hearing held May 22, 1998, both motions were denied.

On August 10, 1998, Motor Club moved the court to reconsider the order denying Motor Club's motion for summary judgment. In Motor Club's motion, it indicated that following the denial of its motion for summary judgment, it had filed an application for leave to file an original action and verified petition for writ of mandamus with the Nebraska Supreme Court. In Motor Club's petition, it sought an order directing the district court to enter an order sustaining Motor Club's motion for summary judgment. According to Motor Club's motion for reconsideration, the Supreme Court entered the following order: " 'Leave to docket original action denied, but see *Medical Protective Co. v. Schrein*, 255 Neb. 24 (1998).' " On October 28, Robertson filed a motion for reconsideration of the denial of her motion for summary judgment and of the court's ruling regarding some affidavits.

On October 29, 1998, a hearing was held on Motor Club's motion for reconsideration. No evidence was received. In an order filed November 5, the district court sustained Motor Club's motion for reconsideration, sustained Motor Club's motion for summary judgment, and dismissed the case with prejudice. From this order, Robertson timely appealed. We note that Robertson did not request, and the record before us does not contain, a bill of exceptions of the hearing on the original motions for summary judgment or the court's ruling on Robertson's motion for reconsideration.

## III. ASSIGNMENTS OF ERROR

On appeal, Robertson claims that the district court erred in sustaining Motor Club's motion for summary judgment and dismissing her case, in failing to grant her motion for reconsideration of the ruling as to her objection to certain affidavits, in failing to grant her motion for summary judgment as to liability, and in failing to sustain her objection to Motor Club's affidavits in opposition to her motion for summary judgment.

## IV. ANALYSIS

We need only address whether the district court erred in granting Motor Club's motion for reconsideration and in granting Motor Club's motion for summary judgment. After hearing argument, the district court granted Motor Club's motions for reconsideration and for summary judgment based on the holding in *Medical Protective Co. v. Schrein*, 255 Neb. 24, 582 N.W.2d 286 (1998).

In *Schrein*, the Nebraska Supreme Court stated that "as a general rule, there is no privity between an injured person and the tort-feasor's liability insurer. For this reason, direct actions against liability insurance carriers based on the negligence of the insured are not permitted in Nebraska." *Id.* at 30, 582 N.W.2d at 290. Accord, *West Neb. Gen. Hosp. v. Farmers Ins. Exch.*, 239 Neb. 281, 475 N.W.2d 901 (1991); *State Auto. & Cas. Underwriters v. Farmers Ins. Exchange*, 204 Neb. 414, 282 N.W.2d 601 (1979). Neb. Rev. Stat. § 44-508 (Reissue 1998) provides an exception to this rule in the event the insured is insolvent or bankrupt. In that event, an action may be maintained within the terms and limits of the insurance policy by the injured person or his or her heirs against the insurer company. Based upon the allegations in the petition before us, this exception is not applicable in this case.

In Robertson's brief, she argues that she can maintain the present action against Motor Club based upon the holding in *Tank v. Peterson*, 214 Neb. 34, 332 N.W.2d 669 (1983). In *Tank*, Willis H. Tank and Marva Lea Tank were passengers in a plane piloted by Donald E. Peterson. The plane crashed, killing all aboard. In county court, the personal representative of the Tank estates filed claims against Peterson's estate based upon Peterson's negligence. The personal representative of the Tank estates subsequently filed a wrongful death action in the district court against Peterson's estate based upon Peterson's negligence. The personal representative of the Tank estates then dismissed the claims it had filed in county court. In district court, Peterson's estate filed a motion for summary judgment, which was granted on the basis that the wrongful death action was barred by Nebraska's nonclaim statute, Neb. Rev. Stat. § 30-2486 (Reissue 1979).

On appeal, the Nebraska Supreme Court held that any claims against the assets of the estate were barred due to the voluntary dismissal of the county court action after the time limitation of the nonclaim statute had passed. However, the court further held that "the plaintiffs are not barred from maintaining an action against the decedent's insurer to the extent there is insurance coverage available." 214 Neb. at 37, 332 N.W.2d at 671. In support, the court quoted Neb. Rev. Stat. § 30-2485(c) (Reissue 1979), which provides that "[n]othing in this section affects or prevents . . . to the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance." This statutory language remains almost unchanged.

However, the above language is limited by the facts before the *Tank* court. The *Tank* court reversed the judgment and remanded the case for further proceedings against the estate of the alleged tort-feasor. The *Tank* case was not a direct action against an insurer. Based on the *Tank* holding, any award in the case would be limited to the amount of liability insurance, and as a result, the insurer would be responsible for paying any award. Subsequent to the *Tank* decision, the Nebraska Supreme Court again held that direct actions against liability insurance carriers based on the negligence of the insured are not permitted in Nebraska. See *Medical Protective Co. v. Schrein*, 255 Neb. 24, 582 N.W.2d 286 (1998).

For these reasons, we conclude that the *Tank* holding is inapplicable to the case before us. We conclude that direct actions against liability insurance carriers, such as the one before us, are not permitted in Nebraska. Therefore, Robertson is not able to directly sue Motor Club based on the negligence of Motor Club's insured, Sivers. On this basis, the district court properly granted summary judgment in favor of Motor Club and dismissed Robertson's petition with prejudice. We affirm.

AFFIRMED.