Gloria Correa, appellant, v. Estate of E. Dean Hascall,
deceased, and Neomi D. Hascall, as Personal
Representative of the Estate of
E. Dean Hascall, appellees.

___ N.W.2d ___

Filed July 25, 2014.    No. S-13-749.

1. **Jurisdiction: Appeal and Error.** An appellate court determines jurisdictional
   questions that do not involve a factual dispute as a matter of law.
2. **Decedents' Estates: Executors and Administrators: Statutes.** Because a per-
   sonal representative is not a natural person, but an entity created by statute
   through a court order of appointment, when an estate is closed and the personal
   representative discharged, there is no viable entity or person to sue.
3. **Limitations of Actions: Dismissal and Nonsuit.** Under Neb. Rev. Stat. § 25-217
   (Reissue 2008), an action is commenced on the date the complaint is filed with
   the court, but is dismissed without prejudice as to any defendant not served
   within 6 months from the date the complaint was filed.
4. **Limitations of Actions.** Under certain situations as set forth in Neb. Rev. Stat.
   § 25-201.02 (Reissue 2008), an amended complaint may relate back to the com-
   mencement date of an earlier complaint.

Appeal from the District Court for Sarpy County: William
B. Zastera, Judge. Appeal dismissed.

Patrick E. McNamara and Ryan M. Hoffman, of Anderson,
Bressman & Hoffman Law Firm, P.C., L.L.O., for appellant.

Karen Weinhold, of Engles, Ketcham, Olson & Keith, P.C.,
for appellees.

Heavican, C.J., Wright, Connolly, Stephan, Miller-Lerman,
and Cassel, JJ.

Heavican, C.J.
## INTRODUCTION
Gloria Correa filed this negligence action against the estate
of the decedent, E. Dean Hascall (Hascall), and the estate's
personal representative, Neomi D. Hascall. The district court
granted the estate's motion for summary judgment and denied
Correa's motion for leave to file an amended complaint.
Correa appeals. We conclude that the district court lacked
jurisdiction over these motions and that likewise, this court

lacks jurisdiction over Correa's appeal. Accordingly, we dismiss the appeal.

BACKGROUND

Correa and Hascall were involved in a motor vehicle accident in Sarpy County, Nebraska, on September 17, 2008. Hascall died on November 16, 2008, apparently of causes unrelated to the accident with Correa.

Hascall's death prompted the opening of his estate. On October 19, 2009, Hascall's widow, Neomi, was appointed personal representative of the estate. The estate was closed on September 24, 2010. Neomi was discharged as personal representative on September 1, 2011.

On September 14, 2012, Correa filed a complaint alleging Hascall's negligence in the September 17, 2008, accident. The complaint was served on the estate and Neomi on November 7, 2012. In their amended answer, filed April 5, 2013, the estate and Neomi alleged several affirmative defenses, including that Correa's suit failed to state a cause of action upon which relief could be granted, because an action could not be brought against an estate that had been closed or a personal representative that had been discharged.

On May 17, 2013, the estate and Neomi filed for summary judgment. On June 17, Correa's motion for an emergency order reopening the estate and appointing a special administrator was granted by the probate court. On that same day, Correa filed a motion for leave to file an amended complaint.

A hearing was held on July 1, 2013, on both the motion for summary judgment and the motion for leave to file an amended complaint. The hearing began with counsel for Correa presenting arguments on the motion for leave to file an amended complaint. Counsel for the estate and Neomi then presented their motion for summary judgment, arguing that dismissal would be appropriate because Correa filed suit against a closed estate and a discharged personal representative. The district court took the motion for leave to amend under advisement and indicated that it would "reset the Motion for Summary Judgment if necessary." On July 30, the district court granted

the estate and Neomi's motion for summary judgment and denied as moot Correa's motion for leave to amend.

## ASSIGNMENTS OF ERROR

Correa assigns, renumbered, that the district court erred in (1) denying Correa's motion for leave to file an amended complaint because all parties had notice of the claim; (2) denying Correa's motion for leave to file an amended complaint because the occurrence alleged in the amended complaint arose out of the same occurrence as the original complaint; (3) granting summary judgment without allowing Correa the opportunity to oppose the motion for summary judgment; and (4) granting summary judgment because Hascall's insurer, State Farm, was equitably estopped from asserting the service of process issue.

## STANDARD OF REVIEW

[1] An appellate court determines jurisdictional questions that do not involve a factual dispute as a matter of law.[1]

## ANALYSIS

### Explanation of Underlying Law

We begin with an explanation of the underlying law governing this issue. Neb. Rev. Stat. § 30-2486 (Reissue 2008) sets forth the manner of presentation of a claim against a decedent's estate and states in part:

Claims against a decedent's estate may be presented as follows:

(1) The claimant may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court. The claim is deemed presented on the filing of the claim with the court. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly

---

[1] *Carney v. Miller*, 287 Neb. 400, 842 N.W.2d 782 (2014).

the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made.

(2) The claimant may commence a proceeding against the personal representative in any court which has subject matter jurisdiction and the personal representative may be subjected to jurisdiction, to obtain payment of his or her claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim. No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his or her death.

Neb. Rev. Stat. § 30-2485 (Reissue 2008) sets forth time limitations on the presentation of claims:

(a) All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(1) Within two months after the date of the first publication of notice to creditors if notice is given in compliance with sections 25-520.01 and 30-2483, except that claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state. If any creditor has a claim against a decedent's estate which arose before the death of the decedent and which was not presented within the time allowed by this subdivision, including any creditor who did not receive notice, such creditor may apply to the court within sixty days after the expiration date provided in this subdivision for additional time and the court, upon good cause shown, may allow further time not to exceed thirty days;

(2) Within three years after the decedent's death if notice to creditors has not been given in compliance with sections 25-520.01 and 30-2483.

. . . .

(c) Nothing in this section affects or prevents:

(1) Any proceeding to enforce any mortgage, pledge, or other lien upon property of the estate; or

(2) To the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he or she is protected by liability insurance.

Under § 30-2485(a), Correa would, at most, be allowed 3 years, or by November 16, 2011, to file a claim against Dean's estate. No claim was filed during this time period; indeed, this lawsuit was not filed until September 14, 2012. For these reasons, any "claim" against the estate is untimely.

[2] Instead, Correa filed her negligence action in the district court. But she sued the estate, which had closed, and the personal representative, who had been discharged. The Nebraska Court of Appeals has held in a similar circumstance that a claimant could not institute proceedings against a discharged personal representative while an estate was closed. The Court of Appeals reasoned that

> a personal representative is not a natural person, but, rather, an entity created by statute through a court order of appointment. . . . Thus, it naturally follows that when the estate is closed and the personal representative is discharged, there is no viable entity or person to sue, because the tortfeasor is deceased, his or her estate is closed, and there is no longer a personal representative.[2]

We agree, and conclude that Correa failed to properly bring suit against the estate or the personal representative, because the estate had been closed and the personal representative had been discharged.

---

[2] *Estate of Hansen v. Bergmeier*, 20 Neb. App. 458, 466, 825 N.W.2d 224, 231 (2013). Cf., *Babbit v. Hronik*, 261 Neb. 513, 623 N.W.2d 700 (2001); *Mach v. Schumer*, 4 Neb. App. 819, 550 N.W.2d 385 (1996).

No doubt understanding her legal position, Correa filed an emergency motion to reopen the estate and assign a special administrator for purposes of service, which was granted. The newly appointed special administrator was served with the complaint on June 28, 2013.

[3] But this was insufficient to save Correa's suit. Under Neb. Rev. Stat. § 25-217 (Reissue 2008), "[a]n action is commenced on the date the complaint is filed with the court," but "shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed." In this case, Correa's suit was not served on the new special administrator within 6 months, or by March 14, 2013, and thus it stood dismissed without prejudice. The district court lacked jurisdiction over Correa's subsequent motions, and this court lacks jurisdiction over Correa's appeal. However, we read Correa as arguing that the district court, and now this court, had jurisdiction because her amended complaint related back to her original complaint. We therefore address Correa's specific assignments of error insofar as they speak to that contention.

## Relation-Back Doctrine

In her first and second assignments of error, Correa argues that the district court erred in denying her motion for leave to file an amended complaint, because all parties had notice of the claim and because it was essentially the same claim as in the original complaint. Central to these arguments is Correa's contention that her amended complaint should "relate back" to the date of her original complaint.

[4] Neb. Rev. Stat. § 25-201.02 (Reissue 2008) addresses the amendment of pleadings and the effect of that amendment:

> (1) An amendment of a pleading that does not change the party or the name of the party against whom the claim is asserted relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

(2) If the amendment changes the party or the name of the party against whom a claim is asserted, the amendment relates back to the date of the original pleading if (a) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, and (b) within the period provided for commencing an action the party against whom the claim is asserted by the amended pleading (i) received notice of the action such that the party will not be prejudiced in maintaining a defense on the merits and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Correa argues that because the allegations in the amended complaint arise from the same basic allegations from the complaint, and because the estate and Neomi received notice and knew or should have known of Correa's mistake concerning the identity of the proper party, her amended complaint relates back to her complaint and would be timely.

As an initial matter, we note that § 25-201.02(1) is inapplicable here. That subsection deals with the scenario wherein the amendment does not change the name of the party. But here, the newly appointed special administrator was substituted for Neomi in the proposed amended complaint, and thus the party name was changed.

Nor can § 25-201.02(2) save Correa's amended complaint. Section 25-201.02(2)(b) requires that notice of the original action must be received by the party against whom the claim is asserted within the period provided for commencing an action. At the time of the original complaint, Neomi, the discharged personal representative, was sued. But the newly appointed special administrator was not served at that time and received no notice until June 28, 2013, at a time when Correa's suit had already been dismissed by operation of law. Any notice to the new special administrator was not received within the "period provided for commencing an action."

Correa's argument simply overlooks the realities of the operation of § 25-217. This section is self-executing and acts

to dismiss without prejudice any action not served within 6 months of its filing. As of March 14, 2013, 6 months after its filing, Correa's suit was dismissed by operation of law. The newly appointed special administrator was not served until June 28, 2013. But that service was of the now-dismissed complaint. Any amended complaint would have nothing to relate back to.

Correa's arguments regarding the relation-back doctrine and notice are without merit, as are her first and second assignments of error. We need not reach Correa's third assignment error, as the district court lacked jurisdiction over the motion for summary judgment and motion for leave to file an amended petition.

## State Farm's Actions

In her fourth and final assignment of error, Correa contends that State Farm, Dean's insurance carrier, was deceitful in engaging in settlement negotiations with her for nearly 6 months and that equitable estoppel bars them from raising the service issue after it was too late for Correa to correct it. Correa cites to *Olsen v. Olsen*[3] for the proposition that one cannot use the statute of limitations as a defense after his or her own promises and representations led to the delay in filing the action.

We first note that State Farm is not a party here. Further, we have no evidence regarding the nature of the negotiations between Correa and State Farm; instead, we have only Correa's allegations about those negotiations as made at the July 1, 2013, hearing and in her brief.

In any case, Correa's reliance on *Olsen* is not persuasive. The defendant in *Olsen*, the plaintiff's ex-husband, repeatedly and continuously over a period of years, indicated that he would sign the mineral deed at issue. We do not have any such pattern of deceit in the record in this case.

It appears that Correa allowed the estate and Neomi extra time to file an answer. While suit was filed on September 14, 2012, and "service" was completed on November 7, the estate

---

[3] *Olsen v. Olsen*, 265 Neb. 299, 657 N.W.2d 1 (2003).

and Neomi did not file an answer until March 29, 2013, with an amended answer filed April 5. While Correa sees this action as deceitful, on these facts we cannot agree. There is no evidence that the estate, Neomi, or State Farm acted to prevent Correa from correcting the defect in service by reopening the estate and having a special administrator appointed.

Correa's fourth and final assignment of error is without merit.

## CONCLUSION

Because the special administrator was not served within 6 months of the commencement of the action, the district court lacked jurisdiction over Correa's claims. Likewise, this court lacks jurisdiction over Correa's appeal. The appeal is therefore dismissed.

Appeal dismissed.

McCormack, J., not participating.

———————————

State of Nebraska, appellee, v.
Jeffrey A. Hessler, appellant.
___ N.W.2d ___

Filed July 25, 2014.    No. S-13-850.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
2. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.
3. **Postconviction: Judgments: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.
4. **Appeal and Error.** An appellate court does not consider errors which are argued but not assigned.