IN RE ESTATE OF JAMES C. WILSON, DECEASED.
STEVEN C. WILSON, APPELLANT, V. RODNEY R. ROTH ET AL.,
APPELLEES.
594 N.W. 2d 695

Filed June 1, 1999.   No. A-98-713.

Cathleen H. Allen, of Luebs, Leininger, Smith, Busick, Johnson, Baack, Placzek & Steele, for appellant.

Dana M. London for appellees Roths.

MUES, INBODY, and CARLSON, Judges.

CARLSON, Judge.
Steven C. Wilson, son of James C. Wilson, deceased, appeals from the overruling of his petition to vacate the appointment of a special administrator for James' estate. For the reasons set forth below, we affirm.

## STATEMENT OF FACTS
On April 27, 1992, James was involved in an automobile accident with Rodney R. Roth and Janette Roth, appellees in this action. On January 31, 1995, James, then age 94, died of unrelated causes. The record does not show that a personal representative was ever appointed for his estate. On January 30, 1996, Steven filed a petition for determination of inheritance tax. That application named Steven as the son of James and as one with an interest in the property, but did not list any other potential heirs or parties in interest.

On or about April 15, 1996, the Roths filed an application requesting that Calvin D. Hansen, an attorney, be appointed as special administrator. In that application, the Roths alleged, inter alia:

8. . . . . [The Roths] are creditors of or have a property right or claim against the estate . . . as a result of injuries they sustained in a traffic accident . . . .

9. That said creditors have brought this action in order that a personal representative be appointed . . . so that said creditors can pursue claims they have against the estate. . . .

10. That appointment of a Special Administrator is necessary so that the petitioners can commence an action against the estate . . . as described . . . and so that said Special Administrator can defend said action and preserve the estate.

11. That an emergency exists requiring the immediate appointment of a Special Administrator without notice for the reason that the applicants' cause of action against the Decedent will be barred by the applicable statute of limitations if not filed on or before April 27, 1996.

On April 19, 1996, without notice to any interested person, the county court found that appointment of a special administrator was necessary to "protect the estate . . . prior to the appointment of a personal representative." The court accordingly appointed Hansen as temporary special administrator, for the limited purpose of accepting service of process "in an action to be filed by the petitioners against the Decedent; to take all steps necessary to defend said action; [and] to take such other steps necessary to protect the interests of the estate." The order made no express finding that an emergency existed requiring appointment without notice, but did provide that another hearing would be held on May 22.

The court did not require that any notice be sent regarding the May 22 hearing, and there is no indication in the record that any notice was sent. The record does show that the May 22 hearing was held as scheduled, and subsequently, on June 5, 1996, the court, noting that "[n]o party in interest appeared and no party has objected," entered an order continuing Hansen's appointment as special administrator.

On March 26, 1998, some 21 months later, Steven filed a petition to vacate appointment of the special administrator, alleging that the county court did not provide sufficient notice, that the Roths utilized an improper procedure, and that the appointment was inconsistent with the Nebraska Probate Code. The court conducted a hearing on the petition to vacate on April 29. On June 8, the court overruled the petition. The court first found that although the proceeding had been designated an "informal proceeding," it was in fact a formal proceeding, and that the orders appointing a special administrator were formal orders. With regard to the issue of an emergency appointment without notice, the court found:

The application alleged that the Roths were persons having a claim against the Estate, that a Special Administrator

was necessary to preserve the estate for the benefit of such claimants, that no Personal Representative who could receive process had been appointed and that if a Special Administrator were not appointed within 12 days from the date of the filing of the petition, the statute of limitations would run on the Roths [sic] claim. The court considered this a sufficient statement of emergency.

The court concluded that "no defect or irregularity as to notice exists, [and] the record does not reveal that the appointment was procured by fraud." Finally, the court found that the petition had been untimely filed because it was filed after the timeframe set out for appeals of orders in formal testacy proceedings.

Steven filed a notice of appeal on July 7, 1998.

## ASSIGNMENTS OF ERROR

Steven asserts, restated and summarized, that the county court erred (1) in appointing a special administrator under the circumstances of this case and (2) in finding that the petition to vacate the appointment was untimely made.

## STANDARD OF REVIEW

An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Disney*, 250 Neb. 703, 550 N.W.2d 919 (1996).

An appellate court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion. *Thrift Mart v. State Farm Fire & Cas. Co.*, 251 Neb. 448, 558 N.W.2d 531 (1997); *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Loup City Pub. Sch. v. Nebraska Dept. of Rev.*, 252 Neb. 387, 562 N.W.2d 551 (1997).

## ANALYSIS

Steven argues that the appointment of Hansen as special administrator was error for two reasons: Neb. Rev. Stat. § 30-2457 (Reissue 1995) does not authorize appointment of a

special administrator for the purpose of permitting a creditor to bring suit against an estate, and even if such an appointment were authorized for that reason, appointment without notice was not warranted on these facts.

Resolving the issue of whether a special administrator may be appointed for the purpose of accepting service of a lawsuit against an estate is a question of statutory construction and, accordingly, a question of law to be decided by an appellate court, independent of the holding of the county court, see *Loup City Pub. Sch. v. Nebraska Dept. of Rev., supra.*

"[T]he fundamental rule in construing statutes is that they shall be construed in pari materia and from their language as a whole to determine the intent of the Legislature." *Hoiengs v. County of Adams*, 254 Neb. 64, 71, 574 N.W.2d 498, 503 (1998). The Nebraska Probate Code is to be liberally construed and applied in order to achieve its underlying purpose of promoting a speedy and efficient system for liquidating the estate of the decedent and making distribution to the successors. Neb. Rev. Stat. § 30-2202 (Reissue 1995); *In re Estate of Kentopp. Kentopp v. Kentopp*, 206 Neb. 776, 295 N.W.2d 275 (1980). In interpreting various sections of the Nebraska Probate Code, an appellate court may examine the comments to the code. *Holdrege Co-op. Assn. v. Wilson*, 236 Neb. 541, 463 N.W.2d 312 (1990).

Section 30-2457 provides:

A special administrator may be appointed:

(1) informally by the registrar on the application of any interested person when necessary to protect the estate of a decedent prior to the appointment of a general personal representative or if a prior appointment has been terminated as provided in section 30-2452.

(2) in a formal proceeding by order of the court on the petition of *any interested person* and finding, after notice and hearing, that appointment is necessary to preserve the estate or to *secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act. If it appears to the court that an emergency exists, appointment may be ordered without notice.*

(Emphasis supplied.) Once appointed, a special administrator appointed in a formal proceeding "has the power of a personal representative except as limited in the appointment and duties as prescribed in the order." Neb. Rev. Stat. § 30-2460 (Reissue 1995). It is uncontroverted that the Roths are "interested persons" for purposes of the probate code. Neb. Rev. Stat. § 30-2209(21) (Reissue 1995) defines an interested person as anyone "having a . . . claim against . . . the estate of a decedent . . . which may be affected by the proceeding." Section 30-2209(4) defines a claim as including "liabilities of the decedent . . . whether arising in contract, in tort or otherwise." Because the Roths are interested persons, they were clearly entitled under the law to seek appointment of a special administrator.

Because the Roths are entitled to seek appointment of a special administrator, the issue next becomes whether a special administrator may be appointed for the sole purpose of accepting a claim against the estate. Section 30-2457 provides that a special administrator may be appointed where necessary to secure the proper administration of an estate. According to Black's Law Dictionary 44 (6th ed. 1990), administration of estates consists of the "management and settlement of the estate . . . usually involving: . . . (2) payment of debts and claims against the estate." Accordingly, the county court did not err in appointing a special administrator for the limited purpose of accepting a claim.

The issue then narrows to whether "the running of the statute of limitations on the [Roths'] claim [was] a sufficient emergency to permit the appointment of a special administrator of an estate without notice to the [other] interested persons involved." Brief for appellant at 15.

Neb. Rev. Stat. § 30-2404 (Reissue 1995) provides that "[n]o proceeding to enforce a claim against the estate of a decedent . . . may be . . . commenced before the appointment of a personal representative." In the comment section to § 30-2404 (Reissue 1989), it is noted that this provision is "designed to force creditors of decedents to assert their claims against duly appointed personal representatives." Clearly, the law envisions that creditors may initiate proceedings for the appointment of a

personal representative for that purpose. See Neb. Rev. Stat. § 30-2412(a)(6) (Reissue 1995), which provides that a creditor may be appointed as a personal representative 45 days after the death of decedent, if no person with higher priority has applied.

Because the statute of limitations on the Roths' cause of action was to run 12 days from the date of their petition, there was obviously insufficient time for the Roths to seek to be named as personal representative. Nor was there time to give notice of their petition for the appointment of a special administrator, since Neb. Rev. Stat. § 30-2220 (Reissue 1995) requires 14 days' notice to known persons and 3 consecutive weeks of publication in a legal newspaper.

The county court deemed this to be an emergency for purposes of the provision in § 30-2457 for appointment of a special administrator, without notice. Neither that statute nor the probate code further defines emergency. However, elsewhere in Nebraska case law, an emergency has been defined as " ' "[a]ny event or occasional combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency; a sudden or unexpected happening; an unforeseen occurrence or condition." ' " *Steenblock v. Elkhorn Township Bd.*, 245 Neb. 722, 726, 515 N.W.2d 128, 130 (1994). This situation falls clearly within that definition. The imminent running of the statute of limitations by creditors against a decedent's estate constitutes an emergency for purposes of § 30-2457. We accordingly conclude that the county court did not abuse its discretion in appointing Hansen as special administrator, without notice.

Steven next argues that he was nonetheless entitled to notice of the second hearing, on May 22, 1996, at which time the county court affirmed its temporary appointment of the special administrator. He asserts this lack of notice constitutes an irregularity sufficient to warrant setting aside the appointment. We disagree.

The general notice provision of the probate code, § 30-2220, by its own terms, applies "[i]f notice of a hearing on any petition is required." (Emphasis supplied.) Section 30-2457 does not require subsequent notice after the emergency appointment of a special administrator without notice. That statute does not provide for a temporary appointment, nor does it require a

subsequent hearing after an emergency appointment. To read that statute as requiring subsequent notice or a second hearing would require us to find a requirement in the statute that is contrary to the plain and ordinary meaning of its terms. "[I]t is not within the province of this court to read a meaning into a statute that is not there . . . ." *Village of Winside v. Jackson*, 250 Neb. 851, 856, 553 N.W.2d 476, 480 (1996). We further note that where the Legislature has envisioned entering a temporary emergency order, followed by a permanent one after hearing, it has clearly and plainly set out such a procedure. See, e.g., Neb. Rev. Stat. § 42-925 (Reissue 1993), which provides for emergency issuance of protection orders:

> Any order . . . may be issued . . . without notice to the adverse party if it reasonably appears from the specific facts shown by affidavit of the applicant that irreparable harm, loss, or damage will result before the matter can be heard on notice. . . . If such order is issued without notice to the adverse party, the court shall cause immediate notice of the application and order to be given the adverse party stating that he or she may show cause, not less than five days after service upon him or her, why such order should not remain in effect.

Because the May 22, 1996, hearing was not statutorily required, it necessarily follows that failure to provide notice of that superfluous hearing cannot rise to the level of an irregularity warranting the setting aside of the appointment. We accordingly reject this argument.

Our findings above make it unnecessary to address the issue of whether Steven's petition to vacate was untimely filed, and we accordingly will not do so. An appellate court is not obligated to engage in an analysis which is not necessary to adjudicate the case and controversy before it. *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## CONCLUSION

For the reasons set forth above, the order of the Polk County Court overruling the petition to vacate the appointment of a special administrator is affirmed.

AFFIRMED