BARBARA A. BABBITT, APPELLANT, V.
BLANCHE M. HRONIK ET AL., APPELLEES.
623 N.W. 2d 700

Filed March 30, 2001.   No. S-99-1391.

Michael N. Schirber and Jeffrey A. Wagner, of Schirber Law Offices, P.C., for appellant.

Thomas B. Wood, of Wolfe, Snowden, Hurd, Luers & Ahl, for appellee Doris J. Kohout.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

On September 15, 1994, the appellant, Barbara A. Babbitt, was involved in an automobile collision with Blanche M. Hronik. Hronik died shortly after the collision of unrelated causes. Hronik's estate was closed, and the personal representative of the estate was discharged. On September 9, 1998, after the personal representative's discharge, Babbitt sued Hronik individually without seeking reappointment of the personal representative. Babbitt appeals the district court's order which granted the personal representative's motion for summary judgment. The district court concluded that an action had never been commenced within the statute of limitations under Neb. Rev. Stat. § 25-207 (Reissue 1995) (4-year limitation on personal injury claims) and Neb. Rev. Stat. § 30-2484 (Reissue 1995) (suspending statute of limitations under § 25-207 for 2 months following decedent's death).

Although the personal representative was reappointed, we conclude that an action against Hronik's estate was never commenced because the only petition filed by Babbitt was against Hronik individually and not against the personal representative. The action brought against Hronik individually was a nullity. We affirm.

## BACKGROUND

On September 15, 1994, Babbitt and Hronik were involved in an automobile collision. Two months later, on November 21, Hronik died of an unrelated illness. The personal representative was appointed on December 7. The personal representative caused notice to be given to creditors of Hronik in accordance with Neb. Rev. Stat. § 30-2483 (Reissue 1995) (notice by publication). No individual notice was provided to Babbitt. On July 19, 1995, the personal representative filed her report of distribution and was discharged from her duties.

On September 9, 1998, after Hronik's death, Babbitt filed a petition against Hronik individually in district court. The Saline County Sheriff returned the summons to the clerk of the county court on September 28, stating that Hronik was deceased.

On February 4, 1999, the county court reappointed the personal representative at Babbitt's request for the sole purpose of being served with civil process in Babbitt's case. Babbitt also filed two motions for revivor in district court, but an objection to both orders was subsequently sustained. On February 25, the personal representative was served a copy of the September 9 petition, naming Hronik individually as defendant.

The personal representative and heirs filed a motion for summary judgment, which was granted. The court determined that Babbitt's cause of action had never been commenced because she failed to file a petition against the personal representative. The court also determined that Babbitt's action was barred by the statute of limitations under both §§ 25-207 and 30-2484.

## ASSIGNMENT OF ERROR

Babbitt assigns that the district court erred in granting summary judgment in favor of the personal representative and Hronik's heirs.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Allstate Ins. Co. v. LaRandeau, ante* p. 242, 622 N.W.2d 646 (2001); *Casey v. Levine, ante* p. 1, 621 N.W.2d 482 (2001).

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Allstate Ins. Co. v. LaRandeau, supra*; *Casey v. Levine, supra.*

## ANALYSIS

Babbitt argues that her action was commenced pursuant to Neb. Rev. Stat. § 25-217 (Reissue 1995) and that service was perfected upon the personal representative within the requisite 6 months from the date the petition was filed. Section 25-217 provides that "[a]n action is commenced on the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed."

The personal representative argues that Neb. Rev. Stat. § 30-2404 (Reissue 1995) controls the commencement of an action against a deceased individual. That statute requires a personal representative to be appointed before commencing an action against an estate. Because a personal representative was not appointed or reappointed after being discharged, she argues that Babbitt's lawsuit was never commenced and that the applicable statute of limitations barred her claim after November 15, 1998, pursuant to §§ 25-207 and 30-2484.

■ Babbitt was apparently unaware that Hronik was deceased until after she had filed her petition and the summons was returned unserved. Once she received this information, however, she was obliged to comply with the correct statutory procedures for bringing a claim against a decedent. While § 25-217 provides the guidelines for the commencement of actions generally, the district court correctly noted that the death of a party terminates a lawsuit at common law.

> Both at common law and in this jurisdiction prior to 1867, a cause of action for injuries to the person did not survive on the death of either the person injured or the wrongdoer, and a pending action for such an injury abated on the death of either the plaintiff or the defendant.

*Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 324, 314 N.W.2d 19, 21 (1982). Thus, the right to proceed for or against the estate of a decedent exists only to the extent that statutory enactments so provide. See *id.*

■ The Nebraska Probate Code provides the procedure for bringing a claim against a decedent's estate. Section 30-2404 provides in part:

No proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative. After the appointment and until distribution, all proceedings and actions to enforce a claim against the estate are governed by the procedure prescribed by this article.

■ A claim under Neb. Rev. Stat. § 30-2209(4) (Reissue 1995) "includes liabilities of the decedent . . . whether arising in contract, in tort or otherwise."

■ There was no acting personal representative at the time Babbitt learned of Hronik's death on September 28, 1998, because the personal representative had been discharged from her duties on July 19, 1995. We conclude that under § 30-2404, Babbitt's claim against Hronik's estate could not have commenced before the county court reappointed the personal representative on February 4, 1999. See *Tank v. Peterson*, 214 Neb. 34, 38, 332 N.W.2d 669, 672 (1983) (citing with approval Arizona case holding that plaintiff was "entitled to have the estate reopened for the limited purpose of service of process"); *In re Estate of Wilson*, 8 Neb. App. 467, 594 N.W.2d 695 (1999) (affirming county court's emergency appointment of special administrator in order that claimants would be able to file claim); *Mach v. Schmer*, 4 Neb. App. 819, 550 N.W.2d 385 (1996) (concluding that summary judgment in favor of discharged personal representative was proper so long as estate remained closed).

■ But Babbitt's claim was never commenced. Neb. Rev. Stat. § 30-2486 (Reissue 1995) provides, in relevant part:

Claims against a decedent's estate may be presented as follows:

(1) The claimant may file a written statement of the claim . . . with the clerk of the court. . . .

(2) The claimant may commence a proceeding *against the personal representative* . . . but the commencement of the proceeding must occur within the time limited for presenting the claim.

(Emphasis supplied.) Subsection (2) is controlling under these facts and demonstrates that Babbitt failed to comply with the statutory procedure for commencing an action against an estate. Even after the personal representative was reappointed on February 4, 1999, Babbitt never filed a lawsuit against the personal representative acting in her personal representative capacity. Her only petition was directed against Hronik individually. We conclude that Babbitt's action was a nullity.

Furthermore, if Babbitt had filed a lawsuit against the personal representative after she was reappointed, the action would have been barred by any applicable statute of limitations. Neb. Rev. Stat. § 30-2485(a) (Reissue 1995) provides the time limitations "against a decedent's estate which arose before the death of the decedent." Subsection (a)(1) gives creditors 2 months to present their claims after the first publication of notice. Subsection (a)(2) bars creditors' claims after 3 years if they have a direct legal interest in the estate and the personal representative fails to send them a copy of the published notice.

Although Babbitt did not receive a copy of the notice, we have held that a claim for unliquidated damages does not constitute a "direct legal interest" for the purpose of receiving a copy of the published notice. See *Farmers Co-op. Mercantile Co. v. Sidner*, 175 Neb. 94, 120 N.W.2d 537 (1963). See, also, *Mach v. Schmer, supra*. For the sake of argument, however, we accept without deciding Babbitt's argument that her claim fell within the exception to the probate code's time limitations. See § 30-2485(c)(2) (providing that limitations under § 30-2485(a) will not bar claim to extent decedent's liability is protected by liability insurance).

But Babbitt's claim, nonetheless, remained subject to the statute of limitations for personal injuries under § 25-207. See § 30-2485(a) (providing time limitations on actions against decedent's estate which are not barred by other statute of limitations). Section 25-207 bars all actions for personal injury not commenced within 4 years. The accident occurred on September

15, 1994. Section 25-207 would have barred Babbitt's claim after September 15, 1998, if Hronik had survived to that date. However, because Hronik died after the cause of action accrued but before the 4-year limitations period had expired, the following provision of § 30-2484 is applicable: "The running of any statute of limitations measured from some other event than death and advertisement for claims against a decedent is suspended during the two months following the decedent's death but resumes thereafter as to claims not barred pursuant to the sections which follow." Even with a 2-month extension of the 4-year limitations period by operation of § 30-2484, Babbitt's cause of action would have been time barred after November 15, 1998. Thus, by the time Babbitt requested the reappointment of the personal representative on December 31, 1998, her claim was time barred by more than a month.

Babbitt, nonetheless, argues that she is entitled to proceed against the estate of Hronik under the relation-back doctrine because she had the personal representative reappointed and served within 6 months of filing her petition as provided for under § 25-217.

This argument fails because we have determined that no cause of action was ever commenced. Although Babbitt served a copy of the September 9, 1998, petition on the personal representative, the service did not change the fact that the petition failed to commence an action against the estate, thus the relation-back doctrine is inapplicable. The claim was asserted against Hronik in her individual capacity, not against the personal representative of her estate. Further, none of the allegations in the petition are directed against the personal representative or the estate.

## CONCLUSION

We conclude that the district court correctly determined that Babbitt failed to commence a cause of action against Hronik's estate before her claim was barred by the statute of limitations under § 25-207 as extended by § 30-2484.

AFFIRMED.