Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/14/2025 09:11 AM CST

Nancy Johnson and Arld Johnson, husband
and wife, appellants, v. Giulia Antoniutti,
Special Administrator of the Estate of
Domenico Zurini, deceased, appellee.

___ N.W.3d ___

Filed February 14, 2025.    No. S-24-128.

1. **Motions to Vacate: Time: Appeal and Error.** A court has inherent power to vacate or modify its own judgments at any time during the term in which those judgments are pronounced, and a decision to vacate will be reversed only if the district court abused its discretion.

2. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.

3. **Limitations of Actions: Motions to Dismiss.** When a motion to dismiss is based on the statute of limitations, it can succeed only when the face of the complaint shows that the action is time barred.

4. **Actions: Complaints: Parties: Death.** As a general rule, an action is commenced on the day that the complaint is filed. But a complaint that names a deceased person individually as the sole defendant is a legal nullity and does not validly commence an action under Nebraska law.

5. **Actions: Complaints: Parties: Death: Decedents' Estates.** An action to recover for the negligence of a person who died before the complaint was filed is not validly commenced unless the complaint is filed against a duly appointed personal representative or special administrator of the deceased person's estate.

6. **Actions: Complaints: Parties: Death.** No action is validly commenced by filing a complaint that names, as the only defendant, a person who is deceased or an entity that does not exist in the eyes of the law; such a complaint is considered a legal nullity.

7. **Actions: Complaints: Parties: Death: Abatement, Survival, and Revival: Statutes.** No question of revivor is presented where there has been no action commenced. A statute that provides for revival of an action after the death of a party applies only to an action that has

actually been commenced before, and is pending at, the time of death. An action cannot be revived where it was dead from its inception because the named defendant or plaintiff was not living when the complaint was filed.

Appeal from the District Court for Douglas County, LeAnne M. Srb, Judge. Affirmed.

Angela L. Burmeister and Ashley R. Palma, of Berkshire & Burmeister, for appellants.

John Andrew McWilliams and Thomas A. Grennan, of Gross, Welch, Marks & Clare, P.C., L.L.O., for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Stacy, J.

Nancy Johnson and Domenico Zurini were involved in a motor vehicle accident in Omaha, Nebraska. A few days before the 4-year statute of limitations expired,[1] Johnson and her husband, Arld Johnson, filed a negligence complaint against Zurini in the district court for Douglas County. After attempting unsuccessfully to serve summons, the Johnsons learned that Zurini had died before the complaint was filed. The Johnsons had a special administrator appointed and moved to revive the action in the name of the special administrator. The district court initially granted that motion, after which the Johnsons filed an amended complaint naming the special administrator of Zurini's estate as the only defendant. The special administrator entered a voluntary appearance and then moved to vacate the order of revivor and dismiss the amended complaint, arguing that no viable action had been commenced within the statute of limitations. The district court agreed, and it entered an order vacating the revivor and dismissing the action as time barred.

[1] See Neb. Rev. Stat. § 25-207 (Reissue 2016).

The Johnsons filed this timely appeal, which we moved to our docket on our own motion. For reasons we will explain, we affirm.

## I. BACKGROUND

The primary issue in this appeal is whether the Johnsons properly commenced their negligence action within the applicable statute of limitations. Because an understanding of the timeline is critical to our analysis, we discuss the timeline first and then summarize the critical dates in a chart.

### 1. Timeline

On May 24, 2019, Nancy and Zurini were involved in a motor vehicle accident. Nearly 4 years later, on May 21, 2023, the Johnsons filed a complaint in the district court for Douglas County, naming Zurini individually as the only defendant. According to the allegations of the complaint, Nancy was stopped at an intersection in Omaha when Zurini's vehicle struck her vehicle from behind. The complaint alleged that Zurini's negligence proximately caused the accident and resulted in injury to Nancy's head, neck, back, and ankle. It sought to recover damages for Nancy's permanent injury, disability, medical expenses, diminished earning capacity, and pain and suffering, and for her husband's loss of consortium.

After filing the complaint, the Johnsons attempted to serve summons on Zurini. The record shows they attempted personal service at a residential address in Omaha, but the return of service indicated the deputy sheriff was told that Zurini "does not live at the address." The Johnsons also attempted personal service at other Omaha addresses without success.

The record also shows that several months before the Johnsons filed suit, in December 2022, Zurini's niece filed a petition for determination of inheritance tax in the county court for Douglas County, stating that Zurini died on October 17, 2022. But nothing in the record shows that an estate was

opened for Zurini or that a personal representative or special administrator was appointed before the Johnsons' original complaint was filed.

It is undisputed that the Johnsons first learned of Zurini's death on or about August 3, 2023. Shortly thereafter, the Johnsons asked the county court to appoint an attorney as the special administrator of Zurini's estate, which it did on August 29, 2023.

That same day, the Johnsons filed what they titled a "Showing of Death and Motion to Revive and Substitute" in the district court. The motion recited that Zurini had died October 17, 2022, and that a special administrator had been appointed on August 29, 2023. The motion asked the court to "take notice of the death," to "revive this case," and to "substitute" the special administrator as the named defendant.

On September 15, 2023, without holding a hearing on the Johnsons' revivor motion,[2] the district court sustained the motion and entered an "Order of Revivor and Substitution." The order took notice of the date of Zurini's death, purported to "revive[]" the action, substituted the special administrator as the named defendant, and directed that the caption of the case be changed accordingly.

On September 21, 2023, pursuant to an agreement of the parties, Zurini's niece was substituted by the county court as the special administrator of Zurini's estate. On September 25, the Johnsons filed in the district court an amended complaint, which contained the same allegations as the original complaint but which named as the sole defendant the special administrator of Zurini's estate. The special administrator entered a voluntary appearance that same day, expressly reserving "all defenses and the right to further plead" in response to the amended complaint.

---

[2] But see Neb. Rev. Stat. § 25-1408 (Reissue 2016) (setting out procedure when adverse party does not consent to revivor).

In chart form, the critical dates are as follows:

| | |
|---|---|
| May 24, 2019 | The motor vehicle accident occurs. |
| October 17, 2022 | Zurini dies. |
| May 21, 2023 | The Johnsons file the negligence complaint naming Zurini as the sole defendant. |
| May 24, 2023 | The 4-year statute of limitations runs. |
| August 3, 2023 | The Johnsons learn Zurini was deceased when the complaint was filed. |
| August 29, 2023 | The Johnsons have the special administrator appointed by the county court and file the motion for revivor and substitution in the district court. |
| September 15, 2023 | The district court issues the order of revivor and substitutes the special administrator as the defendant. |
| September 25, 2023 | The Johnsons file the amended complaint naming the special administrator as the defendant; the voluntary appearance is filed. |

2. Motion to Vacate and Motion to Dismiss

On October 25, 2023, the special administrator moved to vacate the order of revivor and substitution, arguing it had been improperly granted. On the same date, the special administrator also moved to dismiss the amended complaint for failure to state a claim, arguing it was filed outside the applicable statute of limitations. A hearing on these motions was set, then continued to December 21.

At the December 21, 2023, hearing, the special administrator challenged the merits of the revivor and substitution order, generally arguing there was no viable action to revive

because the original complaint named a deceased person as the only defendant and was therefore a legal nullity. The special administrator also argued that although the amended complaint named a viable defendant, it was time barred because it was filed after the limitations period expired, and that Nebraska's relation back statute, Neb. Rev. Stat. § 25-201.02 (Reissue 2016), did not apply.

In a single order entered January 30, 2024, the court granted both the motion to vacate and the motion to dismiss. Regarding the motion to vacate, the court noted its inherent authority to vacate its own orders during term,[3] and it observed that the motion to vacate had been filed during the same term as the order of revivor and substitution.[4] The court then concluded that "[u]pon further reflection," the order of revivor and substitution was improper and must be vacated. Reasoning that the original complaint was a legal nullity because Zurini was deceased when it was filed, the court concluded that on the date the order of revivor and substitution was entered, there was no viable action pending that was subject to either revivor or substitution.

The order of January 30, 2024, also granted the special administrator's motion to dismiss the amended complaint as time barred. In doing so, the court reasoned that although the amended complaint properly named the special administrator of Zurini's estate as the defendant, it was filed after the applicable limitations period had expired, and that Nebraska's relation back statute either did not apply or had not been satisfied. The court therefore dismissed the action as time barred, "[t]o the extent that a matter remains pending."

The Johnsons filed this timely appeal, which we moved to our docket on our own motion.

---

[3] See Neb. Rev. Stat. § 25-2001 (Reissue 2016).

[4] See Rules of Dist. Ct. of Fourth Jud. Dist. 4-1(C) (rev. 2022) (setting term of court as July 1, 2023, to June 30, 2024).

## II. ASSIGNMENTS OF ERROR

The Johnsons assign, consolidated and restated, that the district court erred in (1) concluding the original complaint was a legal nullity, (2) concluding the amended complaint was time barred and did not relate back to the original complaint under § 25-201.02, and (3) vacating the order of revivor and dismissing the action as time barred.

## III. STANDARD OF REVIEW

[1] A court has inherent power to vacate or modify its own judgments at any time during the term in which those judgments are pronounced, and a decision to vacate will be reversed only if the district court abused its discretion.[5]

[2,3] A district court's grant of a motion to dismiss is reviewed de novo.[6] When the motion is based on the statute of limitations, it can succeed only when the face of the complaint shows that the action is time barred.[7]

## IV. ANALYSIS

As stated, the primary issue in this appeal is whether the Johnsons' negligence action was properly commenced within the applicable limitations period. In Nebraska, a negligence action such as this must be commenced within 4 years.[8] Because the motor vehicle accident occurred on May 24, 2019, the last day of the 4-year limitations period was May 24, 2023. However, the parties appear to agree that Zurini's death extended the 4-year limitations period by 2 months pursuant to Neb. Rev. Stat. § 30-2484 (Reissue 2016). That statute provides that the "running of any statute of limitations measured from some other event than death and advertisement for

---

[5] See *Kibler v. Kibler*, 287 Neb. 1027, 845 N.W.2d 585 (2014).

[6] *Schaeffer v. Frakes*, 313 Neb. 337, 984 N.W.2d 290 (2023).

[7] *Schuemann v. Timperly*, 314 Neb. 298, 989 N.W.2d 921 (2023).

[8] See § 25-207(3). See, also, *Susman v. Kearney Towing & Repair Ctr.*, 310 Neb. 910, 970 N.W.2d 82 (2022).

claims against a decedent is suspended during the two months following the decedent's death but resumes thereafter."[9] Assuming without deciding that § 30-2484 applies on the facts of this case,[10] we agree it would extend the running of the limitations period to July 24, 2023.

The original complaint was filed May 21, 2023, within the limitations period. The Johnsons argue the original complaint timely commenced an action, even though they concede it named a deceased person as the sole defendant. Relying on the premise that the original complaint timely commenced an action, the Johnsons contend that their amended complaint—which named the special administrator as the defendant, but which was filed outside the limitations period—related back[11] to the date the original complaint was filed and thus was timely and should not have been dismissed. Alternatively, the Johnsons argue the district court abused its discretion in vacating its order of revivor and substitution.[12]

[4] As a general rule, "an action is commenced on the day that the complaint is filed."[13] But as we will explain, because the Johnsons' original complaint named a deceased person as the sole defendant, it was a legal nullity and did not validly commence an action under Nebraska law.

### 1. Nebraska Statutes

We begin with a review of the Nebraska statutes that govern commencement of actions and relation back.

---

[9] § 30-2484.

[10] See *Sparks v. Mach*, 314 Neb. 724, 993 N.W.2d 119 (2023).

[11] See, Neb. Rev. Stat. § 25-217 (Cum. Supp. 2024); § 25-201.02.

[12] See, Neb. Rev. Stat. §§ 25-1403 to 25-1417 (Reissue 2016 & Cum. Supp. 2024) (governing revivor of actions); Neb. Rev. Stat. § 25-322 (Reissue 2016) (governing substitution of parties).

[13] *Johnson v. Johnson*, 282 Neb. 42, 45, 803 N.W.2d 420, 423 (2011). See *Fox v. Nick*, 265 Neb. 986, 660 N.W.2d 881 (2003). Accord § 25-217.

Section 25-217 is the general statute governing commencement of actions, and it currently provides:

(1) An action is commenced on the day the complaint is filed with the court.

(2) Each defendant in the action must be properly served within one hundred eighty days of the commencement of the action. If the action is stayed or enjoined during the one-hundred-eighty-day period, then any defendant who was not properly served before the action was stayed or enjoined must be properly served within ninety days after the stay or injunction is terminated or modified so as to allow the action to proceed.

(3) If any defendant is not properly served within the time specified by subsection (2) of this section then the action against that defendant is dismissed by operation of law. The dismissal is without prejudice and becomes effective on the day after the time for service expires.

The procedure for commencing an action against a decedent's estate is governed by Neb. Rev. Stat. §§ 30-2404 and 30-2486 (Reissue 2016). Section 30-2404 provides in relevant part that "[n]o proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative." And § 30-2486 provides in relevant part that a "claimant may commence a proceeding against the personal representative in any court which has subject matter jurisdiction . . . but the commencement of the proceeding must occur within the time limited for presenting the claim."

Once an action has been commenced, whether an amended pleading relates back to the date of the original pleading is governed by § 25-201.02, which provides:

(1) An amendment of a pleading that does not change the party or the name of the party against whom the claim is asserted relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction,

or occurrence set forth or attempted to be set forth in the original pleading.

(2) If the amendment changes the party or the name of the party against whom a claim is asserted, the amendment relates back to the date of the original pleading if (a) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, and (b) within the period provided for commencing an action the party against whom the claim is asserted by the amended pleading (i) received notice of the action such that the party will not be prejudiced in maintaining a defense on the merits and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

With this statutory framework in mind, we turn to the Johnsons' assigned errors.

### 2. ORIGINAL COMPLAINT DID NOT COMMENCE ACTION

In their first assignment, the Johnsons take issue with the district court's conclusion that the original complaint was a legal nullity and did not commence an action because the only named defendant was deceased when the complaint was filed. Several Nebraska appellate opinions have addressed the effect of complaints filed under similar circumstances.[14] In the sections that follow, we summarize the relevant legal principles from those opinions, and then apply them to the instant appeal.

---

[14] See, e.g., *Sparks, supra* note 10; *Correa v. Estate of Hascall*, 288 Neb. 662, 850 N.W.2d 770 (2014); *Reid v. Evans*, 273 Neb. 714, 733 N.W.2d 186 (2007); *Babbitt v. Hronik*, 261 Neb. 513, 623 N.W.2d 700 (2001). See, also, *Estate of Hansen v. Bergmeier*, 20 Neb. App. 458, 825 N.W.2d 224 (2013); *Mach v. Schmer*, 4 Neb. App. 819, 550 N.W.2d 385 (1996).

### (a) *Babbitt v. Hronik*

In *Babbitt v. Hronik*,[15] the parties were involved in an automobile accident in September 1994. Unbeknownst to the plaintiff, the defendant died of unrelated causes 2 months after the accident. A few days before the 4-year limitations period expired, the plaintiff filed a negligence complaint naming the defendant individually. When the plaintiff attempted to serve summons, she learned the defendant had died. She also learned an estate had been opened several years earlier but the personal representative had been discharged before the complaint was filed.

After the statute of limitations expired, the plaintiff in *Babbitt* caused the personal representative to be reappointed "for the sole purpose of being served with civil process."[16] The plaintiff also filed motions to "revive" the action in the name of the personal representative, which were overruled. Thereafter, within 6 months of the date the original complaint was filed, the personal representative was served with summons and a copy of the original complaint that named the defendant individually.

The personal representative moved for summary judgment on the ground no valid action had been timely commenced. She argued the original complaint was a nullity because it was filed against a defendant who was deceased. And she argued that no complaint had been timely filed against the decedent's estate, because the only complaint filed named the decedent individually as the sole defendant. The district court agreed, and it dismissed the action on summary judgment. The plaintiff appealed, and we affirmed.

In doing so, we rejected the plaintiff's contention that the provisions of § 25-217 governed commencement of an action brought against a deceased person individually. We

---

[15] *Babbitt, supra* note 14.

[16] *Id*., 261 Neb. at 515, 623 N.W.2d at 703.

reasoned that § 25-217 only "provides the guidelines for the commencement of actions generally" and does not affect the substantive common-law rule that "the death of a party terminates a lawsuit."[17] We emphasized that at common law, a cause of action for injuries to a person did not survive the death of either the injured person or the wrongdoer.[18] And although we recognized that the Legislature modified the common-law rule in part by enacting a statutory procedure for bringing claims against a decedent's estate, we explained that the right to proceed against an estate exists only to the extent authorized by statute, and the statutory procedure must be followed.

*Babbitt* noted that under the statutes governing the procedure for commencing an action against a decedent's estate, no claim "'may be revived or commenced before the appointment of a personal representative.'"[19] And although the plaintiff in *Babbitt* had the personal representative reappointed and served with summons and the original complaint, we held that did not validly commence an action against the estate because the complaint was filed against the deceased defendant "in her individual capacity, not against the personal representative of her estate."[20] Moreover, reasoning that the complaint filed against the decedent individually "was a nullity,"[21] we concluded in *Babbitt* that no valid action had been commenced and that therefore, the relation back provisions of § 25-201.02 were inapplicable because there was nothing for any amended complaint to relate back to.

[17] *Id.* at 516, 623 N.W.2d at 703.

[18] *Babbitt, supra* note 14, citing *Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 314 N.W.2d 19 (1982).

[19] *Babbitt, supra* note 14, 261 Neb. at 517, 623 N.W.2d at 704 (quoting § 30-2404).

[20] *Id*. at 519, 623 N.W.2d at 705.

[21] *Id*. at 518, 623 N.W.2d at 704.

### (b) *Sparks v. Mach*

We considered similar facts in *Sparks v. Mach.*[22] In that case, the parties were involved in a motor vehicle accident in March 2017. Six months later, the defendant died of unrelated causes. An estate was opened and a special administrator was appointed, but the estate was closed in 2019 and the special administrator was discharged.

Apparently unaware that the special administrator had been discharged, the plaintiff filed a negligence complaint on February 24, 2021, naming the special administrator as the only defendant. After learning the estate was closed and the special administrator had been discharged, the plaintiff had the estate reopened and the special administrator reappointed. Then, on April 21, the plaintiff filed an amended complaint against the reappointed special administrator. And on April 23 (a date within 6 months of the original complaint's filing and within 4 years 2 months from the date of the accident), the special administrator was served with summons and the amended complaint.

After filing an answer, the special administrator moved for summary judgment, arguing in part that the original complaint was a legal nullity because it was filed before the special administrator was reappointed. The district court agreed and granted the motion, and the plaintiff appealed. The Nebraska Court of Appeals affirmed, but on further review, we reversed.

In doing so, we recited the rule that "when an estate is closed and the personal representative discharged, there is no viable entity or person to sue."[23] Because the original complaint in *Sparks* had been filed against a person who was no longer the special administrator, we held the original complaint "was not effective and, in that sense, was a nullity."[24]

---

[22] *Sparks, supra* note 10.

[23] *Id.*, 314 Neb. at 741-42, 993 N.W.2d at 132.

[24] *Id.*, 314 Neb. at 745, 993 N.W.2d at 134.

But we went on to consider whether the plaintiff had remedied the situation by validly commencing an action against a viable entity before the limitations period expired. We concluded she had done so, because within the applicable limitations period as extended by § 30-2484, the decedent's estate was reopened, the special administrator was reappointed, a first amended complaint was filed naming a viable entity (the reappointed special administrator) as the defendant, and summons was timely served on that defendant. *Sparks* thus held that although the original complaint was a nullity because it did not sue a viable entity, the amended complaint validly commenced an action against the reappointed special administrator within the applicable limitations period, and that the lower courts erred in concluding otherwise.

### (c) *Reid v. Evans*

This court took a somewhat different approach to analyzing similar issues in *Reid v. Evans*.[25] In that case, the parties were involved in a motor vehicle accident on December 26, 2000, and the plaintiff filed a negligence complaint against the defendant individually on September 27, 2004. Unbeknownst to the plaintiff, the defendant had died before the complaint was filed.

When the plaintiff learned of the defendant's death, she had an estate opened and a special administrator appointed. On March 19, 2005, the plaintiff served the special administrator with summons and a copy of the original complaint (which named only the defendant individually).

On April 15, 2005, the special administrator filed a motion asking the court to enter an order formalizing that the lawsuit stood dismissed by operation of law because the only named defendant had not been served within the time specified by § 25-217. At the time, that statute provided that an "'action shall stand dismissed without prejudice as to any defendant

---

[25] *Reid, supra* note 14.

not served within six months from the date the complaint was filed.'"[26] In response to the special administrator's motion, the plaintiff filed a motion seeking leave to file an amended complaint that named the special administrator as the defendant and arguing that the amended complaint would relate back to the date of the original filing under § 25-201.02. The county court concluded that the lawsuit stood dismissed by operation of law under § 25-217, and it denied leave to amend. The district court affirmed.

On further appeal, this court stated that because the case "was treated as one subject to dismissal under § 25-217 by the lower courts, . . . our analysis on appeal is framed by the manner in which the case was litigated and decided below."[27] When making that statement, *Reid* included a "compare" citation to *Babbitt*,[28] acknowledging the holding in *Babbitt* that a complaint filed against a deceased person individually is a legal nullity that does not commence an action. But rather than analyze the appeal in *Reid* under the rule from *Babbitt*, the court in *Reid* elected to confine its analysis to the § 25-217 arguments raised and addressed in the lower courts. And the *Reid* opinion was careful to use quotation marks when noting that the plaintiff's "lawsuit was 'commenced' on September 27, 2004, the day she filed her complaint."[29]

*Reid* held that after filing the complaint, the plaintiff failed to serve the only named defendant within 6 months, and that thus, her complaint stood dismissed by operation of law under

---

[26] *Id.*, 273 Neb. at 718-19, 733 N.W.2d at 189, quoting § 25-217 (Cum. Supp. 2006). Compare § 25-217 (Cum. Supp. 2024) (providing "[e]ach defendant in the action must be properly served within one hundred eighty days of the commencement of the action" and if any defendant is not properly served within that timeframe, "then the action against that defendant is dismissed by operation of law . . . effective on the day after the time for service expires").

[27] *Reid, supra* note 14, 273 Neb. at 718, 733 N.W.2d at 189.

[28] *Babbitt, supra* note 14.

[29] *Reid, supra* note 14, 273 Neb. at 719, 733 N.W.2d at 189.

§ 25-217. *Reid* also concluded that service on the personal representative was "of no effect" because the personal representative was not the defendant named in the complaint.[30] Finally, *Reid* soundly rejected the plaintiff's relation back argument, reasoning that because the action stood dismissed by operation of law under § 25-217, there was no action pending and "her subsequent motion to amend and take advantage of relation back was a nullity."[31]

[5] We do not understand our opinion in *Reid* to be in tension with the rule from *Babbitt* that an action is not validly commenced by filing a complaint that names a deceased person individually as the only defendant. But to the extent such a reading is possible, it is contrary to Nebraska statutes and our settled precedent and is expressly disapproved. Instead, as *Sparks* and *Babbitt* illustrate, an action to recover for the negligence of a person who died before the complaint was filed is not validly commenced unless the complaint is filed against a duly appointed personal representative or special administrator of the deceased person's estate.

Applying that settled rule here, we conclude that the Johnsons' original complaint, which named Zurini individually as the sole defendant, was a legal nullity that failed to validly commence an action under Nebraska law, because Zurini was deceased when the complaint was filed. We therefore agree with the district court that the original complaint was a legal nullity, and we find no merit to the Johnsons' first assignment of error.

### 3. Amended Complaint Filed Outside Limitations Period and Relation Back Statute Inapplicable

The Johnsons' second assignment of error challenges the district court's determinations that the amended complaint was untimely filed and that it did not relate back to date the

---

[30] *Id*. at 719, 733 N.W.2d at 190.

[31] *Id*. at 721, 733 N.W.2d at 191.

original complaint was filed under § 25-201.02. We find no error in either determination.

The Johnsons acknowledge that their amended complaint (naming the special administrator as the defendant) was filed several months after the applicable limitations period expired. But they contend that under § 25-201.02, the amended complaint relates back to the date the original complaint was filed and thus was timely filed.

The district court rejected that argument, reasoning primarily that the substantive requirements of the relation back statute were not met on this record. We do not elaborate on the court's reasoning, because we conclude the relation back statute simply has no application under these circumstances.

[6] *Sparks* and *Babbitt* teach that no action is validly commenced by filing a complaint that names, as the only defendant, a person who is deceased or an entity that does not exist in the eyes of the law; such a complaint is considered a legal nullity. And when the original complaint is a nullity, the relation back provisions of § 25-201.02 are inapplicable,[32] because there is nothing to relate back to. Thus, although our reasoning differs somewhat from that of the district court, we agree the relation back statute does not apply here.

Moreover, our de novo review shows that the district court correctly dismissed the amended complaint as time barred. Although the Johnsons' amended complaint properly named the special administrator of Zurini's estate as the defendant, it was filed on September 25, 2023, and the last day of any extended limitations period was July 24, 2023. As such, unlike the plaintiff in *Sparks*, the Johnsons failed to timely commence an action within the statute of limitations. Because the amended complaint demonstrated on its face that it was

---

[32] See, *Sparks, supra* note 10; *Babbitt, supra* note 14; *Reid, supra* note 14. See, also, *Kelly v. Saint Francis Med. Ctr.*, 295 Neb. 650, 889 N.W.2d 613 (2017) (holding initial complaint filed on behalf of estate by nonlawyer was legal nullity so amended complaint filed by counsel could not relate back).

time barred and the relation back statute does not apply, the district court correctly granted the special administrator's motion to dismiss.[33]

### 4. Revivor Statutes Inapplicable

In their final assignment of error, the Johnsons contend that the district court abused its discretion in vacating the order of revivor. We find no abuse of discretion and instead agree with the district court's rationale.

[7] The district court relied on the following general rule:

No question of revivor is presented where there has been no action. A statute which provides only for revival, after the death of either party, of an action brought before death applies only to an action which has been actually instituted before, and is pending at, the time of death, and it does not authorize the bringing of an action after the death of a person who would have been a party. A proceeding cannot be revived where it was dead from its inception by reason of the fact that the nominal relator or petitioner was not living when it was instituted.[34]

The Nebraska statutes governing revivor and substitution are consistent with this general rule and authorize revivor and substitution when a party to a pending action dies.[35] That did not occur here. There was no action pending against Zurini when he died; rather, it is undisputed that Zurini was already deceased when the Johnsons filed their original complaint.

On the facts of this case, Nebraska's revivor and substitution statutes are simply inapplicable. The district court did not abuse its discretion in vacating its order of revivor and substitution, and the Johnsons' arguments to the contrary have no merit.

---

[33] See *Schuemann, supra* note 7.

[34] 1 C.J.S. *Abatement and Revival* § 176 at 207 (2016).

[35] See, e.g., § 25-1405 (authorizing revivor "[w]here one of the parties to an action dies . . . before the judgment"); § 25-322 (allowing substitution "[i]n the case of the death or other disability of a party").

## V. CONCLUSION

Because the only named defendant was deceased when the original complaint was filed, the district court correctly determined that the complaint was a legal nullity and failed to validly commence an action. And although the Johnsons' amended complaint was filed against the duly appointed special administrator and thus commenced an action against the decedent's estate, the amended complaint was filed after the applicable limitations period had expired and the relation back statute does not apply. Therefore, the amended complaint was properly dismissed as time barred on its face. And finally, because the revivor and substitution statutes are inapplicable on the facts of this case, the district court did not abuse its discretion in vacating the order of revivor and substitution.

The judgment of the district court is affirmed.

Affirmed.